96 408,
134 510.

## PARSONS, *Trustee, Appellant*, v. VIETS.

1. **Tax Sale Under Revenue Law of 1872:** RIGHT OF HOLDER OF CERTIFICATE TO TAKE POSSESSION OF LAND. The revenue law of 1872 does not confer upon the holder of a certificate of purchase, at a tax-sale thereunder, the right of possession to the premises before receiving his deed.

2. ————: ————: ADVERSE POSSESSION. When such holder goes into possession under his certificate, he is a trespasser and his possession adverse, and the right of action to oust him from such possession accrues as soon as the entry is made.

3. ————: ————: ————: LIMITATION. The statute of limitations begins to run at the date of such unlawful entry.

*Appeal from Pettis Circuit Court.*—HON. JOHN A. LACY, Special Judge.

AFFIRMED.

*E. J. Smith* for appellant.

The possession of one who goes in simply and solely under a purchase of land possessed at a tax-sale, and before he receives a deed therefor and before the expiration of the time for redemption has expired is not adverse possession. *Pease v. Lawson*, 33 Mo. 35; *DeGraw v. Taylor*, 37 Mo. 310 ; Tyler on Eject. [1 Ed.] 876, 877, 878, and cas. cit. ; *Jackson v. Thomas*, 16 Johns. 292 ; *Jackson v. Frost*, 5 Cowen, 346 ; *Hoyt v. Dillon*, 19 Barb. 644 ; *Jackson v. Camp*, 1 Cowan, 605.

*John C. Orrick*, also, for appellant.

The acceptance by Thompson of the tax-deed at the expiration of the two years (the period for redemption) under and pursuant to the tax-certificate, was an admission by him that his possession prior to the acceptance of such deed was subject to plaintiff's title and not adverse, although the tax-deed was in fact void on its face. *Woods v. Dille,* 11 Ohio, 455; *Jackson v. Creal,* 13 Johns. [N. Y.] 116; *Walbrun v. Ballen,* 68 Mo. 167, 168; Blackwell on Tax Titles [4 Ed.] 299, 300.

*Geo. P. B. Jackson* for respondent.

(1) The court did not err in refusing plaintiff's instructions. (*a*) There was no evidence upon which to found them. *Brown v. Ins. Co.,* 86 Mo. 51; *Price v. Railroad,* 77 Mo. 508; *Chubbuck v. Railroad,* 77 Mo. 591. (*b*) The defendant and his grantor had been in the actual, visible and notorious possession of the land for more than ten years before this suit—having taken and held the possession, claiming to be the owner of the land, adversely to and to the exclusion of everybody else. This vested the title in defendant. *Bank v. Evans,* 51 Mo. 335; *Shepley v. Cowan,* 52 Mo. 559; *Barry v. Otto,* 56 Mo. 177; *Ridgeway v. Holliday,* 59 Mo. 444; *Bledsoe v. Simms,* 53 Mo. 305; *Bradley v. West,* 60 Mo. 33; *Dalton v. Bank,* 54 Mo. 105; *Hamilton v. Boggess,* 63 Mo. 233; *Swensen v. Lexington,* 69 Mo. 157; *Lynde v. Williams,* 68 Mo. 360; *Allen v. Mansfield,* 82 Mo. 688; *Farrar v. Heinrich,* 86 Mo. 521; *Ekey v. Inge,* 87 Mo. 493. (2) The statute begins to run as soon as a cause of action accrues. *Tapley v. McPike,* 50 Mo. 589. (3) A purchaser at tax-sale under the law of 1872 did not acquire any right or title in the land until after he received a deed. The certificate only gave him the right to receive his money with interest and penalties, or, if there was no redemption within

two years, to receive a deed and thereby acquire the title to the land. Until the deed was made the title remained in the former owner. *Donohue v. Veal*, 19 Mo. 331, 335 ; 2 Wag. Stat. secs. 206, 208. He had no right of possession prior to receiving a deed. His entry upon the land before deed would be a trespass, for which he would be liable to an action by the owner. Cooley on Tax. sec. 9, p. 368 ; *Shallmuller v. McCarty-* 55 Pa. St. 186 ; *Dallon v. Fenn*, 40 Mo. 109.

NORTON, C. J.—This is an action of ejectment to recover possession of the northeast quarter of section 27, township 47, range 22, in Pettis county. The petition was filed the seventeenth of February, 1885. The answer, besides being a general denial, sets up as a bar to plaintiff's right to recover, the ten-year statute of limitations ; it also pleads that the defendant claims under Newton Thompson and H. P. Townsley, who purchased the land as averred, at a tax-sale made in October, 1874, and received tax-deeds therefor on the fifth of February, 1877, which were recorded on the same day in the office of the recorder of deeds for Pettis county, and sets up as a bar, the three-year statute of limitations. The answer was denied by replication.

On the trial, judgment was rendered for the defendant, from which plaintiff has appealed and assigns for error the action of the court in refusing the instructions asked by plaintiff. In support of plaintiff's title, he put in evidence deeds, showing that the land in dispute was entered by or bought from the United States, by Peter M. Brown, and by him conveyed to A. M. McPherson, and by him conveyed to Wm. M. McPherson, all before 1860. It was also shown that Wm. M. McPherson died in 1872, leaving a will, which was duly probated, and letters testamentary granted to plaintiff. Said will devised the land to plaintiff, as trustee, with full power to possess and hold the same, and to sue for and recover the same.

Defendant, in support of his title, offered in evidence the tax-deeds, which, upon being objected to by plaintiff, the court held them to be void and inadmissible, either for the purpose of showing title, or for the purpose of showing that such title constituted a bar with possession thereunder, under the three-year statute of limitations, but also held that they could be received in evidence to show color of title. The defendant excepted to this ruling, and it does not satisfactorily appear that he either offered or read the deeds in evidence for any purpose. Defendant put in evidence a deed from Henry P. Townsley and Menter Thompson, dated March —, 1882, conveying the land in question to defendant.

Said Thompson was then introduced as a witness and testified that the purchase of this land at tax-sale was a joint venture of himself and Mr. Townsley from the first; that for convenience, he took the certificate of purchase to himself and then afterwards, he cannot tell when, save that it was before the tax-deed was executed. he assigned a one-half interest in the certificate to said Townsley; that in the fall of 1874, some time after he bought the land for taxes, he contracted with one Forbes, who then lived on the quarter section adjoining this on the west, to take possession of and enclose this land. It was to be fenced with a good enough fence so as to keep stock off it, for which Forbes was to have the use of the land and the grass on it the next year, it being prairie; that he did so because he wanted to get into possession of it under his tax purchase; that Forbes enclosed the land and held possession of it under said arrangement until March, 1876, when witness sold the land to defendant Viets, who then went into possession under a title bond from witness and Townsley, and afterward, they conveyed to him as shown by the deeds; that he had no other claim or title on said land, save under said tax purchase; that he took possession as soon

as possible in order that he might start the statute of limitations running. From that time on, he held the land adversely to everybody and claimed to own and hold it to the exclusion of everybody else. Other evidence showed that defendant and those under whom he claimed, had been in the actual adverse possession of the whole of said land for more than ten years before this suit was brought.

The refusal by the court of the following instructions asked by plaintiff is the chief and only ground of error, viz :

"1. The court declares the law to be that if Thompson, after his purchase of the land at the tax-sale in October, 1874, leased it to Forbes, said Thompson claiming the same simply by virtue of his tax purchase, and Forbes enclosed it with a fence about the middle of January, 1875, and occupied it during that year, and Thompson, on February 5, 1877, procured deeds, and in the meantime, in March, 1876, had sold said land to defendant Viets, who then went into possession of the same and has remained so ever since, all of said possession being simply by reason and in virtue of said tax purchase and deeds, then said possession, prior to the expiration of the time for redemption from said tax-sales was not adverse possession, and as it was not ten years from the execution of said tax-deeds or from the expiration of said time for redemption, till the bringing of this action, the statute of limitations is not a bar to this action.

"2. The possession of one who goes into possession of real estate, after and by virtue of a purchase of the same, at a tax-sale and before he has a deed for the same, and before the time for redemption has expired, is not adverse and does not become so till a tax-deed is executed to him, or at least till the time for redemption has expired, and such possession, before the expiration of the time for redemption, cannot be relied on to defeat

this action of plaintiff under the plea of the statute of limitations.

"3. The evidence in this case does not show such adverse possession, and for such time as will bar plaintiff's action under the statute of limitations."

The question is thus raised on this record whether the statute of limitations begins to run in favor of a person who purchases land at a tax-sale made in 1874, receives a certificate of purchase, and then enters into the actual occupancy and possession of land claiming it adversely to everybody as his own, from the time of such entry, or is the operation of the statute suspended during the time the owner of the land had a right to redeem it from the tax-sale? If the law of 1872, under which the tax-sale was made, conferred upon the purchaser after receiving tax-certificate the right to take possession of the land purchased, and he entered and took possession asserting that right, in such case, the statute of limitations would not begin to run till the time the law allowed in which the owner might redeem the land had expired. By the law of 1857, the certificate of purchase at a tax-sale was made *prima-facie* evidence of title, and expressly authorized the purchaser to take possession of the land, when the certificate of purchase was acknowledged and recorded.

There is no such provision as the above in the act of 1872, and said act does not confer upon the holder of a tax-certificate of purchase at a tax-sale, the right to the possession of the premises. It follows from this, that when the tax purchaser entered and took possession of the land in dispute, he was a trespasser and disseizor, and the right of action to oust him from such possession accrued as soon as the entry was made. And as the evidence shows that such entry was made and the land constantly and actually occupied and held adversely by defendant and those under whom he claims for more than ten years prior to the commencement of this suit,

the court did not err in refusing the instructions asked. If the owner had brought his suit to oust the tax purchaser before the time during which he had a right to redeem had expired, such purchaser could not have successfully interposed as a defense, his certificate of purchase. *DeGraw v. Taylor*, 37 Mo. 310.

The judgment is hereby affirmed. All concur except RAY, J., absent.