## MILLER v. ROSENBERGER, *Appellant.*

Division Two, May 31, 1898.

1. **Conveyances:** DEED TO UNINCORPORATED TOWN. An unincorporated town or village in this State can not take and hold the legal title to land by deed, for the reason that there is no grantee in being in whom the title can vest.

2. ———: DEED TO TRUSTEES FOR USE OF UNINCORPORATED TOWN. But a deed to persons therein named as trustees and to their heirs and assigns, for the use and benefit of an unincorporated town, is valid, and the grantees do not take as trustees or holders of a mere nominal title, but they take the absolute legal title.

3. **Ejectment:** LIMITATIONS: KNOWLEDGE OF ADVERSE POSSESSION. An instruction that told the jury that before an adverse holding of land by defendant for ten years could avail him the jury "must believe from the evidence that plaintiff for the same period knew of or from surrounding circumstances had a reasonable opportunity of knowing of such use," is *held* manifestly erroneous.

4. ——— : ——— : ———. Defendant's adverse possession is not dependent on plaintiff's knowledge thereof.

*Appeal from Montgomery Circuit Court.* — HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Claude R. Ball* for appellant.

(1) The deed from John F. Diggs to Lewis P. Miller and Thomas Kemble for the benefit of the citizens of High Hill, an unincorporated town, passed no title. *Douthitt v. Stinson,* 63 Mo. 268; *Arthur v. Weston,* 22 Mo. 379; *Reinhard v. Lead Mining Co.,* 107 Mo. 624; *German Land Ass'n v. Scholler,* 10 Minn. 338. (2) Plaintiff's first instruction is faulty because it first described the land mentioned in the petition and then told the jury what portions of the land to exclude, which was misleading. (3) Plaintiff's second instruction told the jury that they must find from the evidence that plaintiff had notice of the adverse possession for ten years, or from the surrounding circumstances had a reasonable opportunity of knowing such use. It is immaterial whether he had notice or not. *Scruggs v. Scruggs,* 43 Mo. 142; 114 Mo. 246.

*J. D. Barnett* for respondent.

(1) The conveyance from Diggs to Miller and Kemble was valid. They were enfeoffed in fee, and while their control of the property might be subject to regulations, that regulation could only be invoked in the event that they sought to divert the property to an illegitimate use. (2) At Kemble's death the right to control the property and to sue for its injury or con-

version remained effectual in Miller alone. (3) As stated by appellant in his argument, the plaintiff lived for twenty-seven years in sight of the property in controversy. Consequently a use of the property by the defendant and his grantees, not sufficient from the circumstances surrounding that use, to give the plaintiff, living in sight of the property, a reasonable opportunity of knowing from such use, that the occupier claimed to own the property adversely to the plaintiff, is not a sufficient basis upon which to erect the fabric of an independent title by limitation.

BURGESS, J.—This is ejectment for the possession of a small tract of land adjoining the town of High Hill, in Montgomery county, Missouri, described as a half acre of land, a part of the southwest quarter of the southeast quarter of section 32, township 48, range 4, south of and adjoining upon the Boonslick road, and west of and adjoining the original town of High Hill, bounded as follows: Commencing at the northwest corner of the south side of High Hill, that is to say, that portion of the original town of High Hill as first laid out, and south of the Boonslick road, running west one hundred and five feet, thence south two hundred and ten feet, thence east one hundred and five feet to the west line of the south side of the original town of High Hill, thence north two hundred and ten feet to the place of beginning.

The petition is in the usual form in such cases. The answer is first a general denial. It then avers that in June, 1866, John F. Diggs donated to the citizens of High Hill a small parcel of land for a public watering pond; that immediately thereafter the citizens took possession of a small part of the land so donated, the donation containing more land than required, dug a pond thereon, fenced it and used it for a number of

years to water stock. That in January, 1868, Diggs conveyed by quitclaim deed to plaintiff and Thomas Kemble the land which he had previously donated for the use and benefit of the citizens of High Hill, an unincorporated village, not capable in law to take a grant; that the conveyance was made without consideration and solely on the condition that the citizens keep up the watering pond, and keep it inclosed with a good and substantial fence, which they failed to do. That at the time Diggs donated and conveyed the strip of land he had no title nor possession of part of the land described in the deed. That in the course of time the fences decayed and the people neglected to repair the property, and abandoned the same. That part of the land so conveyed was never taken possession of by the public, but always remained in Diggs' possession and after his death in the possession of his heirs and their grantees, and was always included in all transfers of the Diggs tract of land, regardless of the quitclaim deed. That Diggs never intended to donate more land than was necessary for a pond. That the defendant is now in the possession of a part of the land described in the said quitclaim deed, the part which never was in the possession of the public, and that he has been in peaceable possession under a warranty deed for a number of years; that none of the citizens nor the plaintiff ever made any pretended claim to that portion of the land described in said quitclaim deed which was never out of the possession of Diggs, his heirs and their grantees. Defendant also pleaded the statute of limitations, alleging that he and his grantors have been in the possession of the land for over twenty-seven years. The trial was before the court and a jury, and resulted in a judgment in favor of plaintiff for the possession of the land sued for and one cent damages. Defendant appealed.

Both parties claim title under John F. Diggs. On June 12, 1866, he executed his bond to plaintiff and Thomas Kemble, by which he bound himself to deed to plaintiff and said Kemble the land involved in this litigation, for the use and benefit of the citizens of High Hill, for a watering pond on the conditions to be specified in a deed to thereafter be made by him. During the same year, by the direction of the trustees named in the bond from Diggs to them, a pond was constructed near the northeast corner of the land, about fifty-five by eighty feet, and inclosed with a fence, and on the eleventh day of January, 1868, Diggs and his wife Sarah Diggs executed a quitclaim deed to plaintiff and said Kemble, by which the land was conveyed to them for the use and benefit of the citizens of High Hill for the purpose indicated in the title bond from Diggs and wife to them. Under this deed plaintiff claims title, and the right to possession of the land. Thomas Kemble died before the institution of this suit. John F. Diggs died in 1869, and William A. Diggs administered upon his estate. On March 14, 1873, said administrator conveyed said land, and also other land to William Clark. Defendant showed a regular chain of title to the land from Clark to himself. The fence around the pond seems to have been intended for the sole purpose of keeping stock out of it and was not erected upon the boundary lines of the tract conveyed by Diggs for pond purposes, and the balance of the tract which was within Diggs' inclosure at the time of the execution of the deed by him and wife, January 11, 1868, has remained within the same inclosure ever since, and has been used and cultivated by him, and defendant, and those under whom defendant claims ever since, just as it was before. The land was deeded to defendant by William Clark on the nineteenth day of November, 1888, and

shortly thereafter he fenced the pond out, by rebuilding the fencing around it where it had theretofore stood. The town of High Hill was never incorporated.

Over the objection and exception of defendant the court instructed the jury as follows:

"1st. The jury are instructed that it is admitted by the defendant that he was in possession of the land described in plaintiff's petition when suit was brought, and is now in possession of the same, to wit: One half acre of land, a part of the southwest ¼ of the southeast quarter of section 32, T. 48, R. 4, west, south of, adjoining and abutting upon the Boonslick public road of Montgomery county, and west of and adjoining the original town of High Hill, more particularly described as follows: Commencing at the northwest corner of the south side of the town of High Hill, that is to say, that portion of the original town of High Hill as first laid out and platted which lies south of the Boonslick road, which is the main street of the town of High Hill, running thence west 105 feet, thence south 210 feet, thence east 105 feet, to the west line of the south side of the original town of High Hill, thence north 210 feet to the place of beginning except the part thereof inclosed by the fence, and except a 20-foot strip on the east side; and if the jury find for the plaintiff their verdict will be for the land found by them in the defendant's possession.

"2nd. The use of the land lying south and west of the pond fenced by the defendant and his grantors is not sufficient. The jury must believe from the evidence that it was used openly, notoriously and adversely for a full consecutive period of 10 years, and that plaintiff for the same period knew or from the surrounding circumstances had a reasonable opportunity of knowing such use."

The following instructions were asked on the part of defendant:

"1.   If the jury believe from the evidence in the case that the town of High Hill is an unincorporated town (that is, not incorporated), then the deed read in evidence by plaintiff from John F. Diggs and wife to L. P. Miller and Thomas Kemble, as trustees for the benefit of the citizens of High Hill, then said deed passed no title to the plaintiff, and the verdict must be for the defendant.

"2.   The jury are further instructed that if they believe that defendant, Rosenberger, and those under whom he claims title, has been in possession of all the land south, west and east of the pond fence since June 12, 1866, as described in another instruction, then the jury will find for the defendant, notwithstanding the pond mentioned is on a part of the land sued for.

"3.   The court instructs the jury that if they believe from the evidence in the case that the defendant, Rosenberger, and those under whom he claims title, has been in continuous, uninterrupted, open, notorious and adverse possession of all that part of the land described in plaintiff's petition, lying south, west and east of the fence inclosing the pond known as the town pond in the town of High Hill, since June 12, 1866, then your verdict must be for the defendant, Rosenberger.

"4.   The jury are further instructed that, although the pond, as described by witnesses, is located on the land described in plaintiff's petition, the jury are instructed that there is no evidence that defendant is in possession of said pond, and the jury are further instructed that they will only consider in making up their verdict the land lying east, south and west of the pond fence, and lying within defendant Rosenberger's inclosure."

Defendant's third and fourth instructions were given, and the first and second refused, to which ruling of the court in refusing said instructions defendant excepted at the time.

It is contended by defendant that no title passed by the deed from John F. Diggs to Miller and Kemble for the benefit of the citizens of High Hill, it being an unincorporated town. It seems to be well settled in this State, as at common law, that an unincorporated town or village can not take and hold the legal title to land by deed, for the reason that there is no grantee in being in whom the title can vest. *Arthur v. Weston*, 22 Mo. 379; *Douthitt v. Stinson*, 63 Mo. 268; *Thomas v. Wyatt*, 25 Mo. 24. But where the deed is made to persons therein named as trustees and to their heirs and assigns for the use and benefit of the citizens of an unincorporated village, as in this case, they are not to be considered as mere trustees, holding simply a nominal title, but as having acquired an absolute legal title, and "it is immaterial (says 1 Devlin on Deeds [2 Ed.], sec. 120a), whether such a deed be regarded as made to the grantees named individually, or as a conveyance for their benefit, and that of others."

In *Towar v. Hale*, 46 Barb. 361, the deed was exactly like the one now under consideration, in that the words employed were to "L. R., etc., trustees of the Methodist Society, and to their heirs and assigns forever," and it was held that the deed conveyed an absolute title to L. R. C., etc., named as grantees, and that the words "trustees of the Methodist Society" were merely descriptive of the persons. In *Austin v. Shaw*, 10 Allen, 552, a man mortgaged his land to certain persons named in the mortgage, but who were described as officers of an unincorporated association, and it was held that the legal title vested in the persons named in the mortgage, and not in the company.

In *King v. Townshend*, 141 N. Y. 358, the plaintiff's chain of title contained a deed to three persons who were described as trustees of a land association. It was not shown that the association was incorporated, or capable as such of taking a legal title. It was ruled that it would be assumed that the association was a partnership of individuals, of which the grantees were members holding the legal title for the benefit of themselves and others, and that they were not mere trustees, holding simply a nominal title, and, therefore, whether the deed was to be regarded as one to the grantees named individually, or as a conveyance for their benefit and that of others, they had authority to sell the land and convey a good title.

The objection to this deed was not, we think, well taken. It follows that the first instruction asked by defendant was properly refused.

Plaintiff's first instruction is criticised upon the ground that it is misleading. While this instruction is not as clear as it might have been made we are not prepared to say that the judgment should be reversed upon that ground. It would have been better, however, had it directed the jury what land they would find plaintiff was entitled to the possession of, in the event of their verdict for him, instead of directing them to find for him for all the land described in the instruction except that part inclosed by the fence, and a twenty foot strip on the east side.

Plaintiff's second instruction is manifestly erroneous. The vice of it is in telling the jury that in order to a bar to plaintiff's recovery upon the ground of an adverse holding of the land by defendant for the statutory period of ten years, that "they must believe from the evidence that plaintiff for the same period knew of or from surrounding circumstances had a reasonable opportunity of knowing such use." If defendant's

possession was adverse, open and notorious, under claim of title to the land, it makes no difference whether plaintiff in fact knew of such adverse holding or not. The law did not impose upon defendant under the circumstances disclosed by the record in this case, the duty of notifying plaintiff of the character of his possession or of advertising it to the world. It was sufficient if his possession was adverse, open, notorious under claim of ownership of the property for the period of ten consecutive years, next preceding the institution of this suit. *Scruggs v. Scruggs*, 43 Mo. 142; *Wilkerson v. Eilers*, 114 Mo. 245. When William Clark took possession of the land under his deed from William A. Diggs, administrator of John F. Diggs, his possession became adverse to plaintiff and all others, and the possession of the land thereafter under Clark's title must be presumed to have so continued.

The second instruction asked by defendant was properly refused because misleading.

For error in giving the second instruction asked by plaintiff we reverse the judgment and remand the cause. GANTT, P. J., and SHERWOOD, J., concur.