## PALMER et al., Appellants, v. JONES.

### Division Two, March 30, 1905.*

1. **LIMITATIONS: County: Swamp Lands.** The Statute of Limitations runs as to swamp lands sold by the county to private individuals, and as to the county before they are sold. So that where defendants have been in the open, actual, continuous, adverse possession of such lands ten years before the institution of the suit in ejectment, plaintiff cannot recover.

2. ——: ——: ——: **Public or Charitable Use.** The statute provides that "nothing contained in any statute of limitations shall extend to any land given, granted, sequestered or appropriated to any public, pious or charitable use or to any lands belonging to the State." *Held*, that swamp lands donated to the State and by the State to the county do not come within the terms of that section either as to lands sequestered and appropriated to a pious use, or to a charitable use, or as belonging to the State. Those lands are not property held strictly for public purposes, such as streets or parks, but property held by the county in its private character. As to swamp lands the Statute of Limitations runs against the county the same as it does against private individuals.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*William N. Barron* for appellants.

(1) The State is never included in any act of limitation unless expressly named, and is not barred by it. *Nullum tempus occurrit republicae* is a maxim of our law. Parks v. State, 7 Mo. 196; State v. Fleming, 19 Mo. 607; 1 Wood, Lim. (2 Ed.), sec. 52, p. 109; Lindsay v. Miller, 6 Pet. 666; U. S. v. Knight, 14 Pet. 301; Gibson v. Chouteau, 13 Wall. 92; U. S. v. Thompson, 98

* Decided July 2, 1904; motion for rehearing filed; motion overruled March 30, 1905.

U. S. 486; U. S. v. Railroad, 118 U. S. 125. (2) Counties are mere subdivisions of the State for governmental purposes, and there can be no doubt about the power of the General Assembly to create, alter, abolish and regulate them as expedience may demand. Abernathy v. Dennis, 49 Mo. 470; Opinion of Supreme Court Judges, 55 Mo. 296. (3) Where a county seeks to assert rights which are of a public nature and such as pertain purely to governmental affairs, the exemption in favor of sovereignty applies, and the Statute of Limitations will not constitute a bar unless it is expressly so provided. 19 Am. and Eng. Ency. Law (2 Ed.), 191; Coleman v. Thurmond, 56 Tex. 514; Marsalis v. Garrison (Texas), 27 S. W. 931; 2 Dill., Mun. Corp. (3 Ed.), secs. 667-675. (4) There is no provision in the Missouri Statute of Limitations concerning real property, which expressly includes the government within its provisions; and, therefore, it is inoperative against the State. R. S. 1899, chap. 48, art. 1, p. 1023. (5) Instead of barring the government, the statute itself expressly declares that, "Nothing contained in any Statute of Limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State." R. S. 1899, sec. 4270.

*Phillips, Phillips & Thomas* for respondent.

BURGESS, J.—This is an action of ejectment for the possession of lot four of the southwest quarter of section twenty-nine, township twenty-two north, range eight east, in Butler county. The petition is in the usual form; the answer, a general denial. The trial resulted in a judgment for defendant, from which plaintiff, after unsuccessful motion for new trial, appeals.

The land in question is what is known as swamp land, and was patented to Butler county by the State of Missouri on the 17th day of February, 1870. Plain-

tiffs showed paper title in themselves through mesne conveyances, from said county. Defendant showed actual, continuous, open, notorious, and adverse possession of the land in himself and those under whom he claims title for more than ten years before the institution of this suit, so that the only question presented for determination on this appeal is, as to whether the Statute of Limitations relied upon by defendant was a bar to this action.

Plaintiffs' contention is that said statute does not run against the county, and that in holding otherwise the court committed error.

Section 1, page 745, General Statutes of Missouri, 1865, which was in force at the time those under whom defendant claims title took actual possession of the land in 1870 or 1875, provides that, "No action for recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be commenced, had or maintained by any person  .  .  .  unless it appear that the plaintiff, his ancestor, predecessor, grantor, or other person under whom he claims, was seized or possessed of the premises in question, within ten years before the commencement of such action." It is perfectly plain that this statute is broad enough to include all lands of every kind and description, not excluded from its operation by section 7, page 746, of the same statute.

This section provides that, "Nothing contained in any statute of limitations shall extend to any lands given, granted, sequestered or appropriated to any public, pious, or charitable use, or to any lands belonging to this State." These sections of the statute have remained practically the same, in so far as the question under consideration is concerned, ever since their enactment.

Plaintiff insists that the swamp land donated to the State, and by the State to the counties, are lands which were given, granted, sequestered and appro-

priated not alone to a "public," but to a pious and charitable use, and are moreover lands belonging to this State; hence, come within the exceptions provided for by said section seven.   But a very different view seems to have been taken of the matter by this court in the case of Dunklin County v. Chouteau, 120 Mo. 577, in which it was said: "Distinction must also be made between property held for strictly public purposes, as for streets, parks, commons and the like, and property held by the corporation in its private character.   [2 Dill. on Munc. Corp., sec. 675.]  This distinction is made in our present Statute of Limitations.  [R. S. 1889, sec. 6772.] · These swamp lands would not come within the terms of that section, and hence the Statute of Limitations would run in favor of one in adverse possession, even as against the county."   That case has never been criticised or overruled, but was cited with approval in Oxley Stave Co. v. Butler County, 121 Mo. 614; American Stave & Cooperage Co. v. Butler County, 93 Fed. 301; Simpson v. Stoddard County, 173 Mo. 421.

Not only does the Statute of Limitations run against the county in respect to its swamp lands, but by way of analogy, it may be said that it has been ruled that the doctrine of estoppel and laches also apply to a county with respect to this class of lands, the same as they do to individuals in regard to similar transactions.  [Simpson v. Stoddard county, supra; Dunklin County v. Chouteau, supra; Cooperage Company v. Butler County, supra; Rummel v. Butler County, 93 Fed. 304.]

Our conclusion is that plaintiff's cause of action was barred at the time of the institution of this suit.

The judgment was for the right party and should be affirmed.  It is so ordered.  All concur.