HUNTER, Appellant, v. PINNELL.

Division Two, January 31, 1906.

1. **LIMITATIONS: Swamp Land: Adverse Possession.** The stat-
ute (sec. 4270, R. S. 1899), passed in 1866 and providing that
"nothing contained in any statute of limitation shall extend to
any lands given, granted, sequestered or appropriated to any
public or charitable use," etc., does not apply to swamp lands
patented by the State to the county prior to the date of its
enactment, and does not suspend the ten-year Statute of Lim-
itations as to such land, whether the record title remains in
the county or not.

2. ——: ——: ——: **Continuity.** Temporary absence from
land, after actual and open adverse possession taken and after
the Statute of Limitation has begun to run, does not have the
effect of breaking the continuity of the possession.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley,* Judge.

AFFIRMED.

*Geo. H. Traylor* for appellant.

(1)   Defendant failed to show adverse possession
for even ten years.  R. S. 1899, sec. 650; Wilson v. Purl,

133 Mo. 367; Ivy v. Yancy, 129 Mo. 501; Adkins v. Tomlinson, 121 Mo. 487. (2) The court erred in refusing to give plaintiff's third instruction, asked. The land sued for was swamp and overflowed land of the county of New Madrid, and was as such a trust fund held for the benefit of the school fund of the State and county, and the Statute of Limitations did not and does not run against said land in favor of defendant or any squatter or occupant under whom defendant claims, nor can the doctrine of laches be invoked in defendant's favor. State ex rel. v. Crumb, 157 Mo. 545. This case has been partially overruled, but not on any of the points raised in the case at bar. Himmelberger v. Stoddard County, 173 Mo. 421. The school children ought not to lose their interest in this fund just because the county court happens to sit idly by and allow squatters to take possession of the land that they are interested in without paying one cent therefor into the public school fund, which would be the case in the case at bar should the judgment of the circuit court be allowed to stand.

*Lawrence W. Fisher* for respondent.

(1) Section 4270, Revised Statutes 1899, exempting the Statute of Limitations from running against certain lands held for educational, charitable and public purposes did not become a law until August 1, 1866, and where the right of entry accrued previous to that date, limitations ran against lands mentioned in said section. School Directors v. Goerges, 50 Mo. 194; McCartney v. Alderson, 54 Mo. 320; Ins. Co. v. St. Louis, 98 Mo. 422; Mississippi County v. Vowels, 101 Mo. 225; Hendrickson v. Grable, 157 Mo. 42; Dice v. Hamilton, 178 Mo. 81; Palmer v. Jones, 85 S. W. 1114. (2) The question of adverse possession of the land involved in this suit was submitted to the court, and the court, as trier of the facts, found for the respondent. There was ample testimony to support the finding; in fact,

there could have been no other finding made. The appellate courts will not disturb the finding of the trial court on a question of fact, unless it appears that the finding was the result of prejudice, passion, etc. LeSieur v. Zimmerman, 88 Mo. App. 662; Kittredge v. L. & B. Association, 103 Mo. App. 361; Franks v. St. Louis, 110 Mo. 516; Gannon v. Laclede, 145 Mo. 502; Mathewson v. Kilburn, 183 Mo. 110. (3) The respondent and those under whom he claims had been in actual, open, adverse, hostile, exclusive and continuous possession of the eighty acres in controversy since 1859, under color of title. This gives them title by adverse possession to the entire eighty acres in the tract. Land Co. v. Hayes, 105 Mo. 143; Pharris v. Jones, 122 Mo. 125; Roecker v. Haperla, 138 Mo. 33; Heineman v. Bennett, 144 Mo. 113; McVey v. Carr, 159 Mo. 648. (4) The mere leaving the premises after the destruction of improvements, or on account of any public calamity, high water, etc., *animo revertendi,* is not an abandonment. There must be an intention not to return before the possession will be broken. Fugate v. Price, 49 Mo. 441; Crispen v. Hannavan, 50 Mo. 537; Hamilton v. Boggess, 63 Mo. 231; Bartlett v. O'Donoghue, 72 Mo. 563; Washburn on Real Estate, p. 341. (5) The swamp lands do not belong to the school fund until they are sold, then the net proceeds become a part of the school fund of the county in which same are located. Secs. 8195-8199, R. S. 1899. It was only necessary, in order to show title by adverse possession to the land in controversy, to prove adverse possession for ten years next before the date of the filing this petition. Sec. 4262, R. S. 1899; Palmer v. Jones, 85 S. W. 1114.

BURGESS, P. J.—This is an action by plaintiff-appellant against the defendant, both of whom claim title to the tract of land described in the petition, to ascertain and determine the estate, title and interest of the parties, respectively, in such real estate. The

suit is prosecuted under section 650, Revised Statutes 1899. Both parties claim title in fee to said real estate, the plaintiff by derivative title from the Government, and the defendant by reason of the ten-year Statute of Limitations, under color of title. The petition is in due form. The answer denies plaintiff's title to the land, pleads the Statute of Limitations, and prays that defendant may be decreed the owner of the land, and that all other claimants claiming under and by virtue of any patent from New Madrid county, Missouri, issued since 1865, be declared forever barred from setting up or maintaining any claim in deed to said premises, etc.

The trial before the court resulted in a judgment and decree in favor of defendant, as prayed for in his answer. Plaintiff appeals.

The land in question is what is known as swamp land, and was patented to New Madrid county by the State of Missouri, June 15, 1857, and by New Madrid county to the plaintiff, Lee Hunter, on the 8th day of October, 1901. Defendant claims color of title to the land, and title under the Statute of Limitations, and such color by reason of mesne conveyance from Albert Haynes and wife, who on August 15, 1856, conveyed, by warranty deed, said land to E. A. Lewis, and those claiming under him as follows: On the 28th day of October, 1856, said E. A. Lewis and wife conveyed said land, by warranty deed, to L. L. Phillips. Said L. L. Phillips and wife, on November 4, 1891, conveyed the same land, by warranty deed, to Parcillia Murphy, and she, on November 6, 1901, conveyed it, by quit-claim deed, to the defendant, W. W. Pinnell.

The evidence adduced by defendant showed that, at the commencement of the suit, he was, and those under whom he claimed title were, in actual, open, notorious, continuous and adverse possession of the land, and claiming title thereto, for more than ten years.

Plaintiff concedes that section 4270, Revised Stat-

193 Sup—10

utes 1899, which provides that "nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this State," did not become a law until August 1, 1866, and where the right of entry accrued previous to that date the Statute of Limitations ran against lands mentioned in said section. The record shows that the land in question was patented to New Madrid county by the State of Missouri, June 15, 1857, and that it has been in the actual, open, notorious, continuous, exclusive and adverse possession of defendant, and those under whom he claims title, ever since 1860. L. L. Phillips was then, through his tenants, in possession of the land at the time, if not before, and the Statute of Limitations having begun to run in his favor, the possession of the land would not seem to have been abandoned by any of the persons under whom defendant claims title. Absence from the land temporarily, and without any intention of abandoning it for good, did not have the effect of breaking the continuity of possession. Moreover, this court has recently held that the statute quoted did not prevent section one, limiting actions to recover lands to ten years, from applying to swamp lands patented by the State to a county, while held and owned by such county when possession was taken before August 1, 1866. [Palmer v. Jones, 188 Mo. 163, and authorities cited.] It follows that plaintiff's cause of action, if any he had, was clearly barred by the Statute of Limitation.

The judgment is for the right party, and should be affirmed. It is so ordered.

All concur.