Bernard D. FEINSTEIN, Respondent,

v.

Kenneth P. McGUIRE, Appellant.

No. 45347.

Supreme Court of Missouri.

Division No. 1.

Jan. 14, 1957.

Jerome F. Duggan, Edward A. Dubinsky, Dubinsky & Duggan, St. Louis, for appellant.

Robert V. Neidner, Niedner & Niedner, St. Charles, for respondent.

HOLMAN, Commissioner.

Suit to determine title to a tract of land containing 159.58 acres located in St. Charles County, Missouri. A trial before the court resulted in a judgment and decree for plaintiff, Bernard D. Feinstein. Defendant, Kenneth P. McGuire, has duly appealed from said judgment.

The petition alleged that plaintiff was the owner of the land and that defendant claimed an interest therein, the exact nature of which was unknown to plaintiff. The answer alleged that defendant owned an undivided one-half interest in the land and sought an adjudication accordingly. The reply denied that defendant had any interest in said tract and further alleged that any claim defendant may have had had long been barred by the statute of limitations.

Edith R. Munday, a St. Louis real estate operator, purchased this land at a tax sale held on November 6, 1944, for the sum of $1,450 on behalf of herself and Earl Thielecke, a "joint adventurer." At some time during the remainder of 1944 these parties went into possession of the tract and remained in possession thereof until the special commissioner (in partition proceedings) deeded it to plaintiff (for a consideration of $6,000) on October 26, 1954. However, on April 12, 1945, Munday and Thielecke obtained a quit-claim deed from Mary E. and Agnes J. McCafferty which conveyed the land to a straw party. The exact interest of these grantors in the land (perhaps an undivided one-half) is not shown, but plaintiff did offer in evidence a warranty deed dated February 28, 1941, wherein one Julia E. Basquill purported to convey the whole title to the said McCafferty sisters. It may be of interest to here note that the county collector paid the entire surplus from the said tax sale of this property ($1,301.72) to the McCafferty sisters.

For some undisclosed reason the purchasers at the tax sale never obtained a collector's deed to this land. On July 16, 1955, after this suit was filed, plaintiff, as the assignee of Edith L. Munday, obtained such a deed. He tacitly concedes, however, that that deed did not operate to convey the title to him, as it was not executed and recorded within the required statutory period of four years. Section 140.410 RSMo 1949, V.A.M.S. He relies upon the chain of title beginning with Julia E. Basquill and upon title by adverse possession.

Neither party offered satisfactory evidence from which we can determine the state of the record title. Plaintiff offered no conveyance preceding the Basquill deed in 1941, although immediately following the description in that deed is the following recital, "Being the same real estate conveyed to Lewis F. Basquill, et al. by deed of Carrie E. Mische and husband, dated December 14, 1904, and recorded in the Recorder's Office of St. Charles County, Missouri, in Book 89, page 334." The only deed offered by defendant was one dated August 29, 1921, wherein Sarah A. McGuire (whom he described as his foster mother) purported to convey to him a one-half interest in the land in question. No showing was made as to the title, if any, that said grantor possessed. As indicated, there was no showing of a common source of title. However, we gather from the verbal testimony that perhaps defendant actually had a good record title to an undivided one-half interest in the land. In this situation we will assume that it was necessary for plaintiff to establish a title by adverse possession in order to divest defendant of that interest.

In order to establish title by adverse possession plaintiff had the burden of proving that he and those under whom he claims had possession of the land for the statutory period (10 years), and that such possession was (1) actual, (2) hostile, i. e., under claim of right, (3) open and notorious, (4) exclusive, and (5) continuous. City of Kirksville v. Young, Mo.Sup., 252 S.W.2d 286. "Adverse possession must be shown to have been continuous and unbroken for the whole prescribed period of limitation." Allen v. Wiseman, 359 Mo. 1026, 224 S.W. 2d 1010, 1013.

Our first task would seem to be to ascertain the starting date of the alleged adverse possession. Since there is no evidence as to possession or acts of dominion by the McCafferty sisters or their predecessors in title, this date could not be prior to the time Munday and Thielecke went into possession. This time is not definitely fixed but each of those parties testified that they were in possession from 1944 until the property was sold. In the absence of proof of an earlier date we think we must adopt December 31, 1944, as the date upon which they went into possession. It therefore appears that Munday and Thielecke were in possession for a period of 9 years, 9 months and 26 days. During that time they regularly paid all taxes that were assessed against this land.

Miss Munday was a witness for the plaintiff. She stated that during the period of occupancy nothing was done with the land itself, but that there was a house thereon which they furnished and she and Thielecke used it as a week-end and holiday house; that they frequently went to the house during the summer months but not so often during the winter; that the neighbors came over to the house and knew they were using it; that the land was fenced but the fences were in need of repairs; that she had never heard of any claim by defendant to an interest in this land until about the time this suit was filed; that no one ever claimed any interest while they were in possession and that she had been holding the ownership and possession of the property to the exclusion of everyone except Mr. Thielecke.

Thielecke testified as a witness for defendant. His testimony as to the use and occupancy of the land was substantially the same as that of Miss Munday. He further stated that he negotiated for and obtained the deed from the McCafferty sisters because he considered the price paid at the tax sale to be much less than the market value. He also related that when he obtained that deed he received the (abstract of) title to the land and from that he learned of the record interest of defendant therein; that he told Miss Munday of that interest; that he made some effort to contact defendant in order to negotiate for a deed but failed to see him until after plaintiff had purchased the land. It also appears that this witness and Miss Munday were associated in the real estate business for ten years and that bad feeling developed between them when Munday filed the partition suit in 1951 which resulted in the sale (at public vendue) of all their jointly owned property. For details of that litigation, see Munday v. Thielecke, Mo.Sup., 290 S.W.2d 88. The defendant was not a party to that suit.

Defendant McGuire testified that during all the time in question he had been a member of the police department of the City of St. Louis; that his foster mother had made the deed (heretofore described) to him and that he had never conveyed his interest in this land; that he paid some taxes for a year or so but had not paid any taxes since 1923; that he assumed the McCafferty sisters had paid the taxes and he had made no inquiry about them; that he had not seen the land since 1918. It does not appear from the testimony of this witness that he manifested any interest in the farm or made any inquiry regarding the use or possession of it after the year 1923.

■ Defendant contends that the evidence failed to establish the elements which were necessary for plaintiff to acquire title by adverse possession. It is said that the possession would not have been "hostile" until after November 6, 1948, because prior to that date Munday and Thielecke were in lawful possession by virtue of rights acquired at the tax sale; that it was not until four years had elapsed that it became apparent that title could not be obtained under the certificate of purchase. We do not think that contention is meritorious under the exact factual situation here presented. This court has held that the possession of a tax sale purchaser during the period of redemption is presumptively subordinate to the owner's title if the statute gives the purchaser the right of possession during such period, but that the possession was hostile if the purchaser lacked the legal right to possess the property prior to the expiration of the redemption period. Parsons v. Viets, 96 Mo. 408, 9 S.W. 908. In the instant case the owners had two years within which to redeem. Section 11145, RSMo 1939, Section 140.340 RSMo 1949, V.A.M.S. But Munday and Thielecke were not entitled to possession of the land until the lapse of one year from the date of sale. Section 11135, RSMo 1939, Section 140.310 RSMo 1949, V.A.M.S. Therefore, their entry into possession prior to that time was wrongful and would clearly indicate a possession that was hostile to the owners.

We have concluded that the possession and acts of dominion of Munday and Thielecke were sufficient to establish all of the elements required to constitute adverse possession. In Cashion v. Meredith, 333 Mo. 970, 64 S.W.2d 670, 672, we quoted from the early case of Draper v. Shoot, 25 Mo. 201, as follows: " 'It is no easy matter to say what is an adverse possession. It is a question compounded of law and fact and every case in which it is involved must be determined by its own circumstances. What is adverse possession is one thing in a populous country, another in a sparsely settled one, and still a different thing in a town or village. To constitute an adverse possession there need not be a fence, building, or other improvement made; and it suffices for this purpose that visible and notorious acts of ownership are exercised over the premises in controversy for the time limited by the statute. Much depends upon the nature [and situation] of the property, and the uses to which it can be applied, or to which the claimant may choose to apply it.' "

Defendant has called our attention to the fact that Munday and Thielecke did not often visit the farm during the winter months. We do not think this indicated an intention to adandon possession as the farm was not as suitable or desirable for vacation visits in the winter as during more pleasant weather. It is well settled that temporary absence from the land, without an intention to abandon possession, will not break the continuity of possession. Hunter v. Pinnell, 193 Mo. 142, 91 S.W. 472; Allen v. Wiseman, supra.

We also entertain the view that the fact that these tax sale purchasers obtained a quit-claim deed from the McCafferty sisters, and that Thielecke had sought to contact defendant to negotiate for such a deed, would not destroy the hostile nature of their possession. "A direct purchase of any ostensible title by one in possession has no such force as an admission. A party in possession of land may fortify his right thereto by acquiring any outstanding interest therein, without thereby weakening the force or effect of his possession." Mather v. Walsh, 107 Mo. 121, 131, 17 S.W. 755, 757.

As we have noted Munday and Thielecke did not obtain any title by reason of their purchase of the land at the tax sale. However, we think this purchase was sufficient to constitute "color of title" in them. In this connection we observe that it has been stated that "less weight of evidence" is required to support an adverse entry by one with color of title than "a bare entry by an intruder under no claim of right." Draper v. Shoot, 25 Mo. 197, 202.

Considering the fact that Munday and Thielecke entered into possession under color of title, regularly paid the taxes, and openly occupied and used the house on this farm in the manner heretofore described, we, as stated, have decided that the proof fully established the five elements that need to be shown in order to constitute the possession "adverse."

However, we cannot affirm the judgment herein because there was a failure to prove adverse possession for the full statutory period of ten years. As we have indicated, when the commissioner's deed was made to plaintiff, the possession of Munday and Thielecke lacked two months and five days of extending over the required period. Plaintiff did not testify. There is no evidence whatever that he went into the possession of this farm. We find nothing in the record from which that fact could be inferred. In this connection we note that it has been stated that when adverse possession is once shown, it will be presumed (in the absence of evidence to the contrary) to have continued in the possessor and would be continued in his grantee. Miller v. Rosenberger, 144 Mo. 292, 46 S.W. 167; McDaniels v. Cutburth, Mo.Sup., 270 S.W. 353. However, this presumption

should only be allowed where evidence cannot reasonably be obtained as to the true facts and should never be applied where, as in the instant case, the party who would benefit therefrom, knows or has evidence of the actual fact. Missouri Power & Light Co. v. City of Bucklin, 349 Mo. 789, 163 S.W.2d 561. In the case before us we must assume, in the absence of a contrary showing, that plaintiff could have presented evidence as to his conduct in regard to taking possession of the land. We do not say that the continuity would have been destroyed if he failed to go into possession immediately after receiving his deed, but we have the view that he should have assumed possession within a reasonable time thereafter.

We have concluded, however, that the cause should be remanded in order to allow an opportunity to each party to present evidence on the issue as to plaintiff's possession, if any, of this land between the date of the commissioner's deed and the time he instituted this suit. As indicated, such evidence would appear to be available. "It is a settled practice of appellate procedure that a case should not be reversed for failure of proof without remanding, unless the record indicates that the available essential evidence has been fully presented, and that no recovery could be had in any event. Byrne v. Prudential Ins. Co. of America, Mo.Sup., 88 S.W.2d 344. This rule is pertinent where the record indicates that other and additional evidence might be adduced in support of plaintiff's action and enable him to make a submissible case."

Lance v. Van Winkle, 358 Mo. 143, 213 S.W.2d 401, 404. We are further of the opinion that each of the parties should be afforded an opportunity to offer additional evidence to support his claimed record title so that, if plaintiff fails to establish title by adverse possession, the trial court would have a proper basis for a determination of the record title which may be vested in the parties.

We should perhaps mention that defendant has made the contention that plaintiff should not be permitted to recover upon the theory of adverse possession because such was not alleged in his petition, citing Bixby v. Backues, 346 Mo. 955, 144 S.W.2d 112. Under the circumstances shown in this record, and particularly in view of the allegations contained in the reply, we doubt the merit of this contention. However, we need not actually decide that point. Since the case will be remanded the plaintiff may re-examine this question and, if he deems such action advisable, may ask leave of the trial court to amend his petition in that respect.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.