**Ambrose C. JURGENSMEYER and Viola A. Jurgensmeyer, Plaintiffs-Respondents,**

**v.**

**Donald D. YOEST and Marilyn K. Yoest, Defendants-Appellants.**

**No. WD32903.**

Missouri Court of Appeals, Western District.

Dec. 28, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 1, 1983.

Crews, Gaw & Pyle, Terrence F. Pyle, Tipton, for defendants-appellants.

Woolsey & Yarger, Kenneth O. McCutcheon, Jr., Versailles, for defendants-respondents.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Defendants Yoest appeal from a court-tried judgment quieting title to a 6.04 acre tract of land in Jurgensmeyers. The issues are the sufficiency of the evidence to show adverse possession, and the application of the doctrine of adverse possession to a trustee taking title on behalf of the county for nonpayment of taxes pursuant to § 140.260 RSMo 1978.

A summary statement of the facts will suffice to place in perspective the issues to be decided. The 6.04 acre tract is a portion of the northeast quarter of the southeast quarter of Section 35, Township 45, Range 18, Morgan County, Missouri, and is a strip 210 feet wide on the west side of that quarter quarter section. The chain of title to the quarter quarter section and the 6-acre tract is as follows.

In 1919 E.L. Nichols and Mary Frances Nichols quieted title to the whole quarter quarter and in that same year transferred the 6.04 acre tract to Henry McNeal. The 33⅔ acre tract remaining of the quarter quarter section was transferred by various conveyances and was by one of the title holders made subject to a deed of trust. A sale under that deed of trust in 1932 conveyed to named grantees the entire 40 acres.

In 1948 the grantees under the trustee's deed partitioned the land and the sheriff conveyed to J.T. Nichols and Pearl Nichols the entire 40 acres of the northeast quarter of the southeast quarter of Section 35, Township 45, Range 18. Pearl Nichols survived and conveyed to Jurgensmeyers in 1973 the 33⅔ acres. The record title to the 6.04 acre tract is as follows.

Henry McNeal, the grantee in 1919 to the 6-acre tract, was delinquent in taxes for the years 1933 through 1938. In 1942 under proceedings for the collection of those taxes, the collector conveyed the 6-acre tract to S.H. Drysdale, trustee of the county under § 140.260 RSMo 1978 (identical to § 11131 RSMo 1939). In 1967 a conveyance from a successor trustee to Yoests appears of record. Jurgensmeyers also received a deed in 1979 from the parties who are apparently

the heirs of J.T. and Pearl Nichols. Thus, the chains of title to the lands in question establish no record title to the 6.04 acre tract in either party free of conflicting claims. The evidence with respect to the possession and use of the land was as follows.

From 1957 to 1971 a grandson of J.T. Nichols and Pearl Nichols farmed the entire 40 acres. The grandson testified that when his grandparents, J.T. Nichols and Pearl Nichols, acquired the land the outside fence around the 40 acres on the south and west were patched to permit the pasturing of cattle. No other person farmed or used the disputed 6 acres until it was sold to the Jurgensmeyers. The Jurgensmeyers went into possession of all of the 40 acres despite the fact that their deed was only to the 33⅔ acre tract. They continued in the possession of the disputed 6-acre tract, farming and using the land for various purposes. The plaintiffs knew by reason of attorney's title opinion that the defendants had a claim to the land as well as other possible claims. The Jurgensmeyers attempted to purchase the interests of Yoests and advised Yoests not to place any fence on the 6.04 acre tract. Defendant Donald Yoest admitted that Jurgensmeyers used the full 40 acres from the time of their deed in 1973 until 1979. There was no existing fence delineating the separation between the 6.04 acre tract and the 33⅔ acre tract until 1979 when the defendant Don Yoest erected a fence 210 feet east of the west line, thus fencing off the 6-acre tract. Based upon this evidence, the trial court entered a decree quieting title in Jurgensmeyers and entered a judgment accordingly.

The first issue which the Yoests assert is that their deed was from a trustee under § 140.260 RSMo 1978 and that no adverse possession claim to the property can be established. This argument is premised on the general theory that the statute of limitations does not run against a public entity.

This issue, which has been extensively briefed and argued by the parties, is simply not in the case. The Yoests obtained their paper title by a deed dated in 1967. After that time, the trustee for the county no longer had an interest in the property. The Yoests slept on their rights as the subsequent review of the evidence demonstrates. If there is ten years adverse possession after the 1967 deed, the Yoests have no claim, whatever their source of title. The rights of the trustee relinquished by deed in 1967 are not involved.

Yoests also argue that the proof of adverse possession fails because there was no evidence that the possession of the plaintiffs and their predecessors' interest was hostile. They contend neither the plaintiffs nor their predecessors ever made any claim of ownership to the 6.04 acre tract until 1979. There is no question that the possession of J.T. Nichols and Pearl Nichols can be tacked to the possession of Jurgensmeyers if that possession otherwise satisfies the requirements of the law. *Crane v. Loy,* 436 S.W.2d 739 (Mo.1968); *Slentz v. Cherokee Enterprises, Inc.,* 529 S.W.2d 495 (Mo.App.1975). When possession of the entire enclosure is transferred even though the deed by which the premises are conveyed does not describe the entire tract, the continuity of possession will not be broken and the grantees may stand as adverse possessor providing the other requirements of the law are met. *Crane v. Loy, supra.* Nor does the fact that Jurgensmeyers made attempts to clear the cloud upon their title by obtaining deeds invalidate or weaken their adverse possession claim. *Feinstein v. McGuire,* 297 S.W.2d 513 (Mo.1957); *Moran v. Roaring River Development Company,* 461 S.W.2d 822 (Mo. 1970). Such attempts do not destroy the hostile nature of the possession if otherwise established. The issue is thus a factual one with respect to the nature of the possession of the plaintiffs Jurgensmeyers and their predecessors in interest. Because this was a court-tried case, the rule of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), applies in reviewing that evidence and the inference from that evidence; and unless there was no substantial evidence to support the trial court finding, it will be affirmed. There is no evidence of permissive

use. The grandson of J.T. and Pearl Nichols testified unequivocally to repair of the outside perimeter of the fence, the pasturing of the land, the farming of the land, and that possession and use of the land continued by the Jurgensmeyers after taking possession from the Nichols. This evidence is sufficient to constitute hostile possession. *Miller v. Warner,* 433 S.W.2d 259 (Mo.1968). Judgment of the trial court is affirmed.

All concur.