FANNIE I. RANKIN, Respondent, v. CHARLES T. RANKIN, Appellant.

St. Louis Court of Appeals, February 27, 1900.

1. **Divorced Father: CHILDREN'S SUPPORT AND EDUCATION: LIABLE FOR.** When the defendant obtained a divorce from plaintiff under a decree, making no award of the custody of the children, and which left them to the care and nurture of his former wife, his liability for their support and education remained just as it had existed, before the obtention of the divorce.

2. ——: ——: FATHER FORFEITS CLAIM TO CHILD'S SERVICES. Parents are required to maintain their children, and correlatively are entitled to their services, but a father who by wrong doing forfeits his claim to their services and custody does not thereby free himself from his duty to support them.

3. ——: ——: FATHER: STATUS: LIABILITY. The money expended by plaintiff in the discharge of a duty primarily resting on the defendant, constituted a legal charge against him, and no agreement on his part was necessary, and there was no necessity of alleging or proving that the money was furnished by plaintiff in accordance with an agreement with defendant, as his liability was fixed by the law.

4. ——: ——: INSTRUCTION ERRONEOUS. The instruction given by the court for defendant, announcing the principle, that unless the jury were satisfied that plaintiff intended to charge defendant with the moneys expended by her in behalf of his children, was erroneous.

Appeal from the Jefferson Circuit Court.—*Hon. James D. Fox*, Judge.

AFFIRMED.

*Sam Byrns* and *E. J. Bean* for appellant.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action. The mere facts as alleged in the petition of marriage and decree of divorce granted defendant in Texas, in March, 1889, in which no reference is made to children, and that plaintiff has had care and custody of the children and has cared for, maintained, and supplied them with necessaries, and has paid out certain sums therefor, do not make the father liable to the mother for the support of their children. In order to make the father liable to the mother for the support of their children there must be either an express promise to pay for their support; a demand by her and refusal by him to support the children, or such an abandonment of the children by the father, that the law will imply a promise on his part to pay for the necessaries fur-

nished his children. Plaintiff's petition contains none of the statements necessary to create a libility, hence it must fall. Burritt v. Burritt, 29 Barbour (N. Y.) 124; Finch v. Finch, 22 Connecticut, 411; Rogers v. Turner, 50 Mo. 116; Huke v. Huke, 44 Mo. App. 308. (2) The divorce from the mother did not change either the rights or duties of the father. He still bears the same relation to the children and is bound to support and educate them and is still entitled to their custody and services. The husband is also entitled to cohabit and live with his wife and to live with her and his children. (3) The law raises no implied promises to pay from the mere facts of a mother's maintenance of her children; the presumption is that she furnished support gratuitously, and this presumption must prevail until it is rebutted. Cummings v. Cummings, 8 Watts (Pa.), 366; Pawling v. Smith, 13 Johnson, 192; Huke v. Huke, 44 Mo. App. 308; Guiron v. Guiron, 16 Mo. 48. (4) The court gave the following instructions for defendant: "If the jury believe and find from the evidence in this case, that at the time or times mentioned in the plaintiff's petition she furnished any of the articles set out, and you further find, at such time or times she had no intention of making a charge for the same, then and in that event you will not allow plaintiff anything for the articles or items she furnished." There is not a scintilla of evidence in this case that plaintiff ever intended to charge at the time she furnished the support to the children. Plaintiff testified that she did not intend to charge. The jury disregarded the instructions of the court and the judgment can not stand. 11 Encyclopaedia of Pleading and Practice, p. 59; Folger v. Heidel, 60 Mo. 284.

*John L. Thomas & Son,* with *J. F. Green,* for respondent.

The duty of supporting a minor child primarily devolves upon the father. Chester v. Chester, 17 Mo. App. 657; sec.

5279, R. S. 1889. It is even made a criminal offense by our statutes for a father to abandon his child or fail to support it. Sec. 3501, R. S. 1889. If a decree of divorce is granted either parent without provision for the custody of the children of the marriage, the parental relation between the parties and their children is not changed nor affected thereby, and the father remains liable for their support during their minority. Bishop on Mar. and Div., sec. 1210 and sec. 1220; · note to Hall v. Green, 47 Am. St. Rep. 311. Referring to the doctrine laid down in Ramsey v. Ramsey, 121 Ind. 215, the annotator in Hall v. Green, 47 Am. St. Rep. at page 317, says: "This case, however, so far as it relieves the father from any liability for the further support of his child, not assigned to the custody of any one in the divorce proceedings, is believed to be contrary to principle and the weight of authority as shown by the principal case." Even where the decree of divorce awards the custody of the children to the mother without any provision for their support, the rule is that the father is still liable. Biffle v. Pullam, 114 Mo. 50; Hall v. Green, 47 Am. St. Rep. 311 and note; Prentzinger v. Prentzinger, 45 Ohio St. 451; Courtwright v. Courtwright, 40 Mich. 633; Plaster v. Plaster, 47 Ill. 290; Holt v. Holt, 42 Ark. 495; Maddox v. Patterson, 80 Ga. 719; Thomas v. Thomas, 41 Wis. 229; Stanton v. Wilson, 3 Day 37; (3 Am. Dec. 255); Cowly v. Cowly, 3 Gilm. 435; (44 Am. Dec. 708); Buckminster v. Buckminster, 38 Vt. 248; (88 Am. Dec. 652); Conn v. Conn, 57 Ind. 323; Welch's Appeal, 43 Conn. 342; Gilley v. Gilley, 79 Me. 292 (1 Am. St. Rep. 307); Gilley v. Dunwiddie, 40 L. R. A. 579. A father is liable to the wife for the support of his child where he permits it to remain with its mother after separation. Penningroth v. Penningroth, 71 Mo. App. 438.

BOND, J.—The parties of this suit were married on the twenty-eighth of June, 1878, and lived as husband and wife

fo about ten years at DeSoto, Missouri. Two children, a son and daughter, were born of this marriage. On the fourteenth of March, 1899, defendant, who had moved to Texas, leaving his wife and children in this state, obtained a divorce in the Texas court, on the ground of abandonment by his wife; neither she nor her children being within the jurisdiction of that court, no award of the custody and control of the children was made in its decree. The plaintiff in this case, who was the former wife of defendant, engaged in teaching school at DeSoto and various other places, and was employed for two years as deputy clerk of a court in New Mexico; with the sums thus realized, she fed and clothed her two children, with some little assistance from the grandfather (defendant's father), at whose house the boy stayed when he was not with his mother or with his aunt; she sent them to the public school, paid their medical bills, and subsequently placed the daughter at the Lorettto Academy at Florissant, Missouri, where she was ready to graduate about the time of the present trial, and she also sent the boy to a college in Quincy, Illinois, where she obtained a scholarship for him, and subsequently when he was about seventeen years of age she sent him to New Mexico on account of his health to remain with his aunt, who was living there. For the sums of money expended in the nurture, support and education of these two children she brings this suit against their father.

The defenses set up in the answer were, first, that he had not been called on to contribute to the support of his children, and they had not been taught to respect him as their father, and that many of the items of the alleged indebtedness were barred by the statute of limitation of five years. There was a trial and the jury brought in a verdict making a finding in favor of plaintiff on the items sued for, which were not barred by the statute of limitation, in the sum of $1,725. Defendant appealed from a judgment thereon.

The first point insisted for a reversal is, that the petition did not state any cause of action. There is no merit in this contention. According to the statements of the petition, the defendant wholly failed to provide for the support, nurture and education of his two children after he left them in Missouri and went to Texas and obtained a divorce from the plaintiff, and wholly abandoned their custody to her, from whom they derived their sole support and education thereafter. If these allegations were true, she was clearly entitled to the judgment rendered in her favor, provided no prejudicial error was contained in the instructions of the court after the adduction of evidence (as has been shown by the record) tending to prove the facts stated in the petition. The law applicable to the foregoing facts, which appears in the pleadings and on the trial of this case, is plain and simple. When the defendant obtained a divorce from plaintiff under a decree making no award of the custody of the children, and left them to the care and nurture of his former wife, his liability for their support and education remained just as it had existed before the obtention of the divorce. This doctrine has been succinctly and clearly stated by a text writer of acknowledged authority in the following terms: "Parents are required by the law to maintain their offspring. They can not cast off the obligation by its neglect or by any other wrong. Commonly where this duty to a child exists, connected therewith is the right to its services. But a father who by ill doing forfeits his claim to its services and custody does not thereby free himself from his own duty of support." 2 Bishop on Marriage, Divorce and Separation, sec. 1224; cited with approval in Biffle v. Pullam, 114 Mo. loc. cit. 54; Chester v. Chester, 17 Mo. App. loc. cit. 659. The father is also made, by statute, primarily the guardian of his children and charged with the care of their persons, education and estate. R. S. 1899, sec. 3478. The neglect of this statutory duty in no

Rankin v. Rankin.

wise relieves him from the charges incurred by others in the necessary maintenance of his offspring. The divorce from his wife, does not divorce him from his children. The future welfare of his children is the most powerful motive which nature and social duty implants in the bosom of the father. These obligations in the case at bar rendered it the duty of the defendant, to the extent of his liability, to rear and educate his children, which was none the less binding in that their custody was left with the mother. When this charge was neglected by him she seems to have consecrated her entire energies to its fulfillment. The money thus expended by her for a duty which he primarily owed, was just as legal a charge against him as if it had been contributed by a total stranger, for after the obtention of the divorce that was the legal status which she occupied towards the defendant. If a third party had supplied the children of defendant with the necessaries, a recovery might have been had to that extent without proving any further agreement than that implied by law for the fulfillment of the father's duty to the child, hence in this case there was no necessity for alleging or proving that the money furnished by the plaintiff was in accordance with an express agreement with the defendant. If this were an action by the plaintiff to recover from her children expenses incurred in their nurture and education, a totally different rule would apply. In such case the legal presumption drawn from the relationship of mother and children would first arise that no charge was intended by the mother when the payments were made, and unless that could be overthrown by evidence satisfactory to the triers of the fact, no recovery could be had. But in the case at bar the plaintiff after her divorce was not a member of defendant's family, nor did she bear any relationship to him which implied that future services or expenses incurred on his behalf were gratuitous. This distinction seems to have been overlooked by the learned

judge who gave an instruction in this case, that unless the jury were satisfied plaintiff intended to charge defendant for the matters in suit at the time she incurred the various items of expense, she could not recover. Such an instruction would have been correct in a case of a claim by a child against the estate of his parents, or vice versa. Ronsiek v. Boverschmidt's Admr., 63 Mo. App. 421, and cases cited; but it is wholly inapplicable in the case at bar, where the parties to the suit bore no family relation or kinship which tended to imply that the items sued for were expended without any expectation of reimbursement from the defendant. The instruction, however, was only erroneous in that it cast an additional burden upon the plaintiff. It was clearly nonprejudicial to the appellant and is therefore no ground for reversal. Hence the judgment is affirmed.

Judge *Bland* concurs; Judge *Biggs* expresses his views separately.