MATILDA ASSMAN, Appellant, v. WILLIAM ·S. ASSMAN, Respondent.

**St. Louis Court of Appeals, November 2, 1915.**

1. **PARENT AND CHILD: Support of Minor Child: Duty of Father.** Primarily, the obligation rests on the father to support his minor child, and if he fail to do so, one who furnishes necessaries to the child according to the father's station in life may recover from the father therefor.

2. ———: ———: ———. Where a husband is at fault in abandoning his home, the wife may recover from him for such necessaries as she has furnished their minor children during his absence, even though he be divorced from her in another State and the decree does not purport to award the custody of the children to either party.

3. ———: ———: ———:Evidence: Presumptions. In an action by a wife against her husband, from whom she had separated, for necessaries furnished their minor child, whom the wife had induced to leave the husband's home, *held* that the

presumption obtained (there being no evidence to the contrary) that the husband furnished a good home and all necessaries to the child while the latter was in his custody.

4. ———: ———: ———: **Right of Recovery by Mother.** A wife who left her husband without cause, and subsequently induced their minor child to accompany her to another State, without the husband's knowledge or consent, was not entitled to recover from the husband for necessaries furnished the child, in the absence of a showing that the child would suffer otherwise, for, unless a father is at fault in some way, he is entitled to the care and custody of his minor children at his home, and if he is willing to support them there, he is not bound to provide for them elsewhere, except where he has wrongfully driven them away, or at least assented to another's taking or keeping them.

5. ———: ———: ———: ———. Where a wife left her husband without cause, and subsequently induced their minor child to accompany her to another State, without the husband's knowledge or consent, the mere fact that the father shortly thereafter sent the child's clothes to him, with a letter advising him to be good to his mother, did not show that he consented to the mother's withholding the child from him, so as to entitle her to recover for necessaries furnished the child, for, while the law presumes that the father will assert his right of custody of his child, it does not require him to pursue it to a foreign jurisdiction for that purpose.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*Charles Fensky* and *Grant Gillespie* for appellant.

(1) After the passage of the Marriage Woman's Act, the husband and wife had the right to contract with and deal at arm's length with each other. Rice Stix & Company v. Sally, 176 Mo. 107. Under section 8304, R. S. 1909, a married woman is deemed a *femme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, etc., hence she may contract or transact business with her husband with the same freedom as any other individual. Rice Stix & Co. v. Sally, 176 Mo. 107; O'Day

v. O'Day, 194 Mo. 588; Bower v. Daniel, 198 Mo. 289, 320; Donovan & Boyd v. Griffith, 215 Mo. 149; Jones v. Hogan, 135 Mo. App. 347. (2) The father is the natural guardian of and responsible for the care and education of his minor child, sec. 403, R. S., 1909; Rankin v. Rankin, 83 Mo. App. 340; McClosky v. McClosky, 93 Mo. App. 401.

*Jesse McDonald* and *Henry S. Caulfield* for respondent.

(1) Primarily, while bound by law to support his child, a father has the right to provide such support in his own home, and he is not bound to provide for it elsewhere unless through the father's fault the child lives apart from him. Spencer, Law of Domestic Relations, sec. 493; 29 Cyc. p. 1610; Hyde v. Leisenring (Mich.), 65 N. W. 536; Dodge v. Adams, 19 Pick. 432; Glynn v. Glynn, 94 Me. 469; Foss v. Hartwell, 168 Mass. 66. (2) The burden of proving that defendant was unwilling to provide such support, or that the child lived apart from him because of his fault was upon the plaintiff. Glynn v. Glynn, 94 Me. 469; Dodge v. Adams, 19 Pick. 432; Perrin v. Wilson, 10 Mo. 451. (3) Defendant's conduct, subsequent to the abduction of his child, did not constitute a consent, so as to bind him to reimburse plaintiff for his support. (4) All the cases recognize the father's primary right to have the custody of his child, and those that deny his right to withhold support because the mother has such custody do so solely because he had an ample remedy to enforce such right in the courts. McCloskey v. McCloskey, 93 Mo. App. 393. By depriving defendant of such remedy plaintiff has placed herself without the reason of the decisions she would invoke and rendered them inapplicable. Moreover, such decisions are not applicable to a case like this, where the suit is brought by an undivorced wife living apart from her husband without cause or consent.

NORTONI, J.—This is a suit to recover the amount expended for the care, keep and education of defendant's minor son. At the conclusion of the evidence the court directed a verdict for defendant and plaintiff prosecutes the appeal.

The parties are husband and wife. It appears they were married August 14, 1890, and separated May 15, 1900. They resided as husband and wife in St. Louis, Missouri, prior to their separation. It does not appear what occasioned the separation, but at any rate plaintiff removed to the State of New York, May 27, 1901, where she has since resided. At that time the minor son, Harry Robert, was about seven years of age. He resided at all times with defendant, his father, and in his house in the city of St. Louis. Although plaintiff and her husband remained separate, no divorce was ever granted either party. About February, 1906, when the minor son was aged thirteen years, plaintiff returned to St. Louis from New York and induced him to accompany her to that State. It appears that defendant was not consulted concerning this matter, and plaintiff admits in her testimony that she took the minor son into her custody without the knowledge or consent of defendant, his father, although a week later defendant sent the clothing of the boy to him to Brooklyn, New York, and wrote a letter urging him to be good to his mother. After having supported the minor son for several years in New York, plaintiff instituted this suit to recover from defendant, the father, the amount expended in his care, keep and education.

The court directed a verdict for defendant, in the view that, though the obligation to support the son devolved upon defendant, the father, in the first instance, it was not enforceable in the circumstances of the case, at the suit of the mother, who was undivorced, for that she had voluntarily taken the child into her custody and removed him to a foreign State without the knowledge

or consent of the husband; and we are persuaded that the ruling was a proper one on the facts.

There can be no doubt that primarily the obligation to support the minor child rests upon the father, and on his failure or neglect to furnish necessaries for the support of the child according to the station in life, one who has done so may recover from the father accordingly. So it is that, where the father is at fault, as by abandoning the home, the wife may recover from him for such necessities as she has furnished the minor children during his absence, and this is true though he be divorced from her in a foreign State, even though the decree does not purport to award the custody of the children to either party. [See Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393, 67 S. W. 669.]

But here it does not appear that defendant father was at fault in the matter at all, and, indeed, no decree of divorce has been given either party. Presumptively, the defendant furnished a good home and all necessaries to the minor son. The parties stand as husband and wife, and while the primary duty of support rests upon the husband, as a corollary thereto he is entitled to the custody and earnings of the minor children as well, at common law. Moreover, under our statute (section 403, R. S. 1909) then in force, the father was the natural guardian of the child and entitled to its care and custody and to direct its education, though it may be otherwise now under the amendment. [See Laws of Missouri, 1913, p. 92.] It is therefore clear enough that, unless the father is at fault in some way, he is entitled to the care and custody of the minor children at his home, and a parent who is willing to support his children at home is not bound to provide for them elsewhere, except where he has wrongfully driven them away, or at least assented to the mother's taking or keeping them. [See Spencer's Domestic Relations, section 493; 29 Cyc. 1610.]

Here, it appears the father was furnishing the support to his minor son at his home in St. Louis—i. e., was performing the full measure of his obligation with respect to this child—when the plaintiff mother, after an absence of about five years, came on the scene unexpectedly and spirited the child away to a foreign State, without the knowledge and against the consent of the father. In such circumstances, she must be deemed to have voluntarily assumed the burden of its support, for defendant was in no wise at fault. [Glynn v. Glynn, 94 Me. 465; Fitler v. Fitler, 33 Pa. St. 50.] The mere fact that defendant sent forward the clothing of his child a week after he was taken to New York by the mother and wrote him a letter containing good advice is of no avail to show that he consented to the child's being withheld from him, for while the law presumes the father will assert his right to the custody of his child in the courts, it does not require that he shall pursue it into a foreign jurisdiction for that purpose. Neither does the fact that the father saw the child and talked to him on the street in Brooklyn, New York, avail anything here on that score. There is no evidence tending to show that the boy's necessities were not supplied by his mother and there is nothing to indicate that the child would suffer if the father were not required to compensate this claim. Although the father is frequently required to compensate the wife for the support of the child while in her custody, rather than his, an implied assent to the mother's withholding the child is usually found and asserted, on the ground that the father might invoke his remedy in the courts and obtain the custody of the child, if he is a proper person to have it. [McCloskey v. McCloskey, 93 Mo. App. 393, 67 S. W. 669.] But manifestly this doctrine is beside the instant case, for here, after an absence of about five years, the mother returned and took the child without the father's knowledge or consent and bore it away to a distant State, beyond the jurisdiction in which he

resided and whose courts were immediately available to him. To permit the mother to recover in such circumstances without at least showing some special ground—i. e., as if the child were in want or likely to suffer for necessities in the future—would be awarding an advantage to her which accrued because of her own wrongful act.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.