FREDA WILLS, APPELLANT, v. FARRIS J. BAKER, RESPONDENT.—214 S. W. 2d 748.

Kansas City Court of Appeals. Opinion delivered November 8, 1948.

*Charles F. Tucker, Paul C. Sprinkle* and *William F. Knowles* for appellant.

706

*Douglas Stripp, James & Bacon* and *Lamkin James* for respondent.

SPERRY, C.—This is a suit by Freda Wills, plaintiff, against her former husband, Farris J. Baker, defendant, for recovery of a judgment for maintenance of their four sons during a period of time that they lived at the home of plaintiff. The case was tried without aid of a jury and judgment was for defendant. Plaintiff appeals.

In 1936 defendant obtained a default judgment in a divorce suit, plaintiff having been served with process. He was granted the custody of their four children, Bobby, Charles, Joe and Harry, aged 2½, 4½, 6½ and 8½ years, respectively. He supported the children until they, voluntarily, and without his consent or knowledge, left his home in Missouri, and went to the home of their mother, in Kansas City, Kansas, where they resided during the period for which plaintiff herein seeks recovery. Harry left in 1941, Joe in 1943, and Charles and Bobby in 1945. No modification of the order of custody was ever sought or ordered until June 24, 1946, when, at plaintiff's instance, the custody of Bobby was given to plaintiff. The remaining children had become emancipated prior to that date. This suit covers the period from 1941 until the date of the above modification.

The evidence tends to prove that plaintiff abandoned defendant and their children, together with her child by a former marriage, at their farm home near Odessa, in 1935; that, at the time of abandonment, defendant was at Warrensburg, attending CCC Camp and did not learn of the abandonment until some time later; that defendant saw her briefly in Kansas City, in the summer of 1935, but did not see her again, or hear from her, until 1942, although defendant had heard, in 1940, that plaintiff had visited in Odessa; that defendant furnished the boys with a home and the necessaries of life according to his ability and station in life; that he kept them in school, where they made passing grades, sent them to church and Sunday School, and encouraged them in Boy Scout work; that he was not unduly harsh or strict but did discipline them when needed; that his present wife, to whom he was married in 1940, a woman of excellent character, kept house, cooked and generally helped to care for the boys after

her marriage to defendant; that defendant is a man of good moral character, is industrious and has done as good a job of caring for and rearing the boys as his financial condition would reasonably permit.

There was evidence, on behalf of plaintiff, tending to prove that defendant's home was not as clean as might be desired; that defendant cursed and struck the boys with his fists; that defendant's wife struck two of them with clubs and failed to provide them with clean clothes and food. However, this evidence came solely from the testimony of three younger boys, Harry not being in court, and this testimony was seriously challenged by that of the ministers of the Methodist churches at Odessa and Slater, where defendant had his home during the period in controversy. These two ministers spoke highly of defendant, of his present wife, of their character and standing in the community, of their home, and of the good conduct of the boys while living there, in school, church and scout work.

The trial court's finding was to the effect that the boys left defendant's home through no fault or misconduct on his part, although he was providing them with a reasonably good home and treating them as well as fathers generally treat their children, in accordance with his financial ability and station in life.

The court's finding in that respect is fully supported by the record, and we adhere to same.

The exact question here presented has not been passed on by any court of this state, so far as we have been able to ascertain. It has been held that a father is primarily liable to the mother for the support of his children where he obtained a divorce in another state and no order was made touching custody. Rankin v. Rankin, 83 Mo. App. 335, l. c. 340. Where the mother had obtained a decree of divorce granting her custody and a named amount for the child's support, and where the judgment was barred by the statute of limitations, it was held that the father was liable to the mother, as at common law, for necessaries furnished by her. Hohler v. Fuchs, 156 S. W. 2d, l. c. 22. A father is liable to the divorced mother for the support of their child where she is granted custody and the record is silent as to the father's liability for support. Hohler v. Fuchs, supra; Kelly v. Kelly, 47 S. W. 2d, 762. Such liability exists even though the divorce was granted to the husband because of the wife's fault, where she is given custody of the children. Kelly v. Kelly, supra, l. c. 765.

In the case of Assman v. Assman, 179 S. W. 957, the mother sued her husband for support of their child. The wife left the home of her husband, leaving the child with him, and lived in New York for some five years. They were not divorced. She returned and, without the father's consent, took the son to New York where she supported him for some years, and brought the suit. The father knew the boy was with his mother but made no effort to regain custody of

him. The court held that plaintiff was not entitled to recover, absent a showing that the child was in want or likely to suffer for necessities in the future; that to permit her to recover would be to reward her for her own wrongful act; and that the father, who was willing to support his child, is entitled to do so at his home and is not bound to support him elsewhere, "except where he has wrongfully driven them away, or at least, assented to the mother's taking or keeping them." It was held that defendant was not required to pursue the child into a foreign jurisdiction and seek restoration of custody from his mother. In Dolvin v. Schimmel, 284 S. W. 811, l. c. 812, it was said that the mother, in the Assman case, had voluntarily assumed the burden of support and the father was in nowise at fault, but also held that a divorced father who has been granted custody of children is liable to a stranger for their support where the mother took them from his home and left them with said stranger where they were living in the city of his own residence.

There is an Arkansas case almost on all fours with the case at bar. In Nelson v. Nelson, 225 S. W. 619, l. v. 620, it was held that a divorced father who had been awarded custody of children, and who was suitably providing for them at his home and desired to continue doing so, was not required to reimburse the mother for their support; that she was a volunteer in furnishing a home for said children and was not entitled to reimbursement therefor.

We think that should be the rule in Missouri.

The judgment should be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.