Thomas T. GOELLER (Plaintiff), Respondent,

v.

Beatrice O. GOELLER (Defendant), Appellant.

No. 30509.

St. Louis Court of Appeals.

Missouri.

May 16, 1961.

Frank Bild, Raleigh Robinson, St. Louis, for appellant.

J. F. Souders, St. Louis, for respondent.

RUDDY, Judge.

This is an appeal by appellant (wife) from an order sustaining respondent's (husband's) motion to quash a garnishment issued in aid of an execution.

On October 19, 1951, respondent filed a petition for divorce. On November 15, 1951, appellant filed her answer to said petition and a cross-bill in which she sought a decree of divorce. Thereafter, respondent dismissed his petition and after a hearing appellant was granted a decree of divorce on her cross bill. In the decree appellant was awarded the care, custody and control of the two minor children of the parties and said decree ordered respondent to pay to appellant as and for the support and maintenance of each of said minor children the sum of $12.50 per week.

On October 20, 1959, appellant filed an "Affidavit for Execution" in which she alleged that there was now due and owing from respondent, pursuant to the terms of the decree of divorce, the sum of $2,050 and alleged that this default began in December of 1951, and continued to October 16, 1959. Appellant further alleged that plaintiff was employed by the Merchants Exchange of

St. Louis and concluded said affidavit with a prayer for an execution and a writ of garnishment, directed to the said Merchants Exchange of St. Louis, in aid of said execution.

Pursuant to said affidavit an execution was issued and a notice and a summons of garnishment were served upon the Merchants Exchange of St. Louis. On November 4, 1959, respondent filed a "Motion to Quash the Garnishment." In said motion respondent admitted that since the granting of the divorce on November 4, 1951, he has paid to appellant "by money order the sum of twenty-dollars weekly for care and support of said children." Respondent then alleged that, in addition to the payments of $20 weekly for the care and support of said children, he has "purchased necessary clothing for said children * * * and in addition has paid surgeons' bills, hospital bills, doctors' bills, and purchased medicine for the care and health of said minor children."

He next alleged that he paid for the school supplies of said children. He further alleged that the payments made through the years for these items have averaged approximately $500 yearly. He alleged that he has provided for care and custody of said minor children from Friday at 4 P.M. to the following Monday at 8 A.M. for approximately 48 weeks of each year at the request of the appellant and, also, at her request, has for at least three weeks each year accepted the care and custody of said minor children during vacation periods. Other allegations are contained in said motion to quash the garnishment which we omit because we deem them irrelevant to the issues presented.

At the hearing on respondent's motion to quash the garnishment he testified that he was employed at the Merchants Exchange of St. Louis. In the course of his testimony he was asked, "Did you make your support payments to your former wife?" and he answered "Yes." He was then asked how much he paid his wife and he answered, "$20.00," adding that he "couldn't pay no more" because of other bills. He was further asked why he continued to make payments of $20 a week and not $25 a week as the decree ordered, after the other bills were paid up, and he answered, "She said they needed clothes."

He further testified that his wife would bring the children down on Friday and they would stay until Monday morning. He added that this occurred "very near every week." He said that he purchased nearly all of the clothes for the children and when asked why he did so, he answered, "Because they would come up with their shoes out and clothes ragged. Somebody had to buy them." He estimated that he spent approximately $300 per year for clothes for both of the children. When asked what happened when the children got sick, he answered, "She brought them to me to take care of." He said he would take the children to the family doctor who would administer to their medical needs. On one occasion when both of the children had measles he (respondent) took care of them. When asked how he obtained custody of them, he answered, "She brought them up." He further testified that he took care of them when they had other childhood diseases, such as mumps, scarlet fever and chickenpox. He said that he took them to the doctor for these diseases. When asked if they had polio shots, he admitted that his wife took them to the doctor for these shots. A few days before appellant's affidavit for execution was filed, one of the children left the appellant's home and since that time the child has been in the custody of the respondent. Respondent admitted he sent no money to his former wife (appellant) during the three weeks prior to the hearing, for the reason, as he testified, he had both of the children in his custody during that period.

In his cross-examination respondent admitted that he never did pay appellant $25 per week as called for in the court's decree. He never paid more than $20 per week. He further admitted that shortly after the decree of divorce was entered he tried to have

the trial court reduce the weekly payment to $20 per week. He failed in that attempt.

The following questions were asked and the following answers were given in the course of the cross-examination of respondent:

"Q. Did she ever agree to accept this clothing and medical care in lieu of the $25.00 a week? A. What do you mean, in lieu of?

"Q. Did she ever agree to accept this clothing and medical care rather than the $5.00 a week? A. She always sent them up there when they needed clothes and shoes."

One of the children testified that she and her brother stayed with respondent "usually" every week "from Thursday to Monday." She further testified that her father bought her clothes, with some exceptions, during the "last several years," and that her father took care of her when she was ill. Other matters testified to by respondent are omitted from our statement of the testimony for the reason they were irrelevant and immaterial to the issue raised by respondent's motion to quash the garnishment.

Before considering the contentions asserted by appellant, it is necessary to dispose of one advanced by respondent. He contends that the issues raised by appellant's points are not reviewable in this court because she failed to lodge an exception to the ruling and order of the trial court sustaining respondent's motion to quash the garnishment. Under the provisions of § 510.210 RSMo 1959, 31 V.A.M.S., it was unnecessary for appellant to lodge a formal exception to the court's order. Williams v. Ricklemann, Mo., 292 S.W.2d 276, loc. cit. 282.

Appellant contends that the order of the trial court sustaining respondent's motion to quash the garnishment is not supported by the evidence. We think the appellant is correct in this contention. It is the position of respondent that the payments made by him for the direct benefit of the health and welfare of the minor children of the parties are well in excess of the amount claimed by appellant to be due her under the terms of the decree of divorce. He further contends that these funds, expended by him, should be credited as payments on the judgment in favor of appellant for the children's support.

In substance what respondent is requesting is for this court to allow him to substitute his manner of meeting his obligation to support his children for that provided in the decree of divorce. Some jurisdictions hold that as long as a divorce decree is in effect, the husband could not disregard its provisions and was not entitled to credit for expenditures made in behalf of the children and he was held to a strict compliance with the provisions of the decree. The remedy suggested, where the husband was not satisfied with the provisions of the decree of divorce, was to seek a modification of the decree. Steckler v. Steckler, Mo.App., 293 S.W.2d 129, and the cases and authorities cited therein.

However, in the case of Steckler v. Steckler, supra, the court said (293 S.W.2d loc. cit. 134):

"On the other hand, there are numerous cases which hold that where 'compulsion of circumstances' makes necessary the direct expenditures by the husband, equitable considerations will require credit for such expenditures 'which constitute a substantial compliance with the spirit and intent of the decree.' Jackson v. Jackson, 306 Ky. 715, 209 S.W.2d 79; Schlom v. Schlom, 149 Miss. 111, 115 So. 197; Mooty v. Mooty, 131 Fla. 151, 179 So. 155; Mason v. Mason, 148 Or. 34, 34 P.2d 328; State ex rel. Meins v. Superior Court of Skagit County, 159 Wash. 277, 292 P. 1011. As to the latter group of cases, those which hold the court has basic jurisdiction to credit arrears when equitable principles demand it, the annotators are reluctant to draw and state

any general rule as to when such credit may be allowed. However, it is to be observed that a great majority of them can be grouped under one umbrella, namely, the express or implied consent of the mother, who occupies the position of parent-trustee, to the payment of support money in manner other than directly to her. Thus in Briggs v. Briggs, 178 Or. 193, 165 P.2d 772, loc. cit. 778, [166 A.L.R. 666] it is stated:

" 'In view of the *apparent consent* of the plaintiff and the equities of the situation, the defendant will be allowed credit against his accrued indebtedness for the support of the children in the sum of $900 and $660 being the amounts which he should have paid to the plaintiff, during the time the children were in college, under the terms of the decree.' (Emphasis ours.)"

The court in the Steckler case further said (293 S.W.2d loc. cit. 134): "that the father cannot dictate how the expenditure of the sums awarded for the child's support shall be made, and that he cannot be credited for payments when he unnecessarily interposed and made himself a volunteer and the mother did not consent to such method of payment. Wills v. Baker, 240 Mo.App. 705, 214 S.W.2d 748; Assman v. Assman, 192 Mo.App. 678, 179 S.W. 957."

In the case of M————— v. M—————, Mo.App., 313 S.W.2d 209, we adopted the principle followed in the Steckler case. In the M————— v. M————— case we again pointed out that the holdings in a majority of the cases were based on the express or implied consent of the mother who occupies the position of parent-trustee, to the payment of the judgment in manner other than directly to her. We think the principle applied in the cases M————— v. M—————, supra, and Steckler v. Steckler, supra, should be followed in the instant case. Respondent has the burden of producing evidence showing payment of the

judgment. Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631.

Respondent's own testimony shows that at no time did he pay appellant more than $20 a week support money for the minor child. Shortly after the decree was rendered, ordering him to pay $25 per week, he petitioned the trial court to reduce the payments to $20 a week. This the court refused to do. Thereafter, respondent continued to send appellant $20 per week. It is apparent that he was determined not to pay the full award and was going to dictate the manner in which appellant should expend the sum allowed her.

Respondent in his motion to quash the garnishment alleged that he made the expenditures for which he seeks credit at the request of appellant. His testimony fails to support this allegation. Respondent's testimony in chief shows no such request and when pressed in this connection during his cross-examination, he carefully avoided a direct answer to the inquiry, merely stating, "she always sent them up there when they needed clothes and shoes." Her reason for sending the children to respondent to take care of these needs is obvious. He had refused to pay her in the manner directed by the court. If respondent had paid appellant the weekly sum ordered by the court, she would have been able to take care of these needs. Respondent's course in paying only $20 a week instead of $25 a week compelled appellant to send the children to their father for financial help in taking care of the needs which were beyond her financial capacity to meet, because of respondent's refusal to pay more than $20 per week.

There was no evidence showing abandonment of the children by their mother and no evidence showing that their other needs, such as food and shelter, were not adequately cared for by appellant.

■ We adopt the language used by the court in the Steckler case, supra, when it said (293 S.W.2d loc. cit. 135): "This court

is not the least inclined to lend its aid to or reward such a course of conduct by permitting the husband to escape his lawful obligation which had been expressed and declared in a judgment, especially when he had full opportunity to present the justice of such course of conduct (if he felt it was just) by means of a motion to modify the decree."

■ There is no evidence in the instant case to show that appellant, either expressly or impliedly, consented to a reduction of the weekly sum ordered by the court and no evidence to show that she, either expressly or impliedly, consented to the manner in which respondent took care of the children's needs for medical care and clothing.

Respondent's evidence shows no "compulsion of circumstances" making necessary the direct expenditure by him of the funds for which he seeks credit. There is no evidence that respondent's conduct shows a substantial compliance with the spirit and intent of that portion of the divorce decree ordering him to pay his wife $25 per week for the support of the minor children. The evidence points to contrary conduct. He admits he never paid appellant according to the terms of the decree. Equitable considerations require that he not be aided in his effort to substitute his method of meeting his obligation to support his children for that provided in the decree of divorce.

Respondent's motion to quash the garnishment was not supported by the evidence and should have been denied and said motion should have been dismissed. The order and judgment of the trial court is reversed with directions to overrule said motion to quash the garnishment and to dismiss said motion and the cause is remanded for further proceedings in connection with the pending execution and garnishment in aid thereof.

ANDERSON, P. J., and WOLFE, J., concur.