**Shirley BORRING, Respondent,**

v.

**Terry Lee WINTERS, Appellant.**

**No. WD 32136.**

Missouri Court of Appeals,
Western District.

July 7, 1981.

---

S. W. Longan, III, Stanley, Kan., for appellant.

Jacqueline L. Morgan, Kansas City, for respondent.

Before KENNEDY, P. J., and SOMERVILLE and SHANGLER, JJ.

KENNEDY, Presiding Judge.

This case involves the question whether a mother's abandonment of a father, taking

with her and concealing their children for a space of ten years, excuses the father from the payment of *future support* of the children.

The question arises upon the appeal by the father, Terry Lee Winters, from a judgment of the Circuit Court of Jackson County under the Uniform Reciprocal Enforcement of Support Act, (U.R.E.S.A.), Chapter 454, RSMo 1978. The judgment requires the appellant to pay $20 per week for each of the two children born of his marriage to their mother, Shirley Borring. The action was initiated by the Department of Social Services of the State of Michigan, in Michigan, where the mother resided with the children. She had assigned to the Department of Social Services her rights to child support in return for receipt of Aid to Dependent Children Benefits.

The petition was forwarded to Jackson County, Missouri, where Winters resided. A hearing upon the petition disclosed the following facts: Appellant had secured a divorce from Shirley in 1969 in Jackson County, alleging that she had abandoned him in April of 1968, taking with her their two children, namely Kevin, born September 6, 1965, and Sandra, born December 31, 1966. The divorce decree made no order respecting custody or support of the two minor children.

Appellant testified at the hearing on the U.R.E.S.A. petition that he had not heard from the mother nor from his children, from the time of the abandonment until July 1978, and did not know their whereabouts during that period. In July of 1978 he had made inquiry about their whereabouts and had contacted them, but there is no testimony whether he had made any earlier attempt to find them. For present purposes we accept as true his testimony.

Appellant's only point on this appeal is that the mother's abandonment of him and her concealment of the children over a space of ten years excuses him from the payment of future child support. We deny the point. Appellant's obligation to pay child support prospectively is not relieved by their concealment from the appellant by

their mother over a ten-year period, so that their whereabouts was unknown to him. *Rodgers v. Rodgers*, 505 S.W.2d 138 (Mo. App.1974); see *D. A. Z. and R. M. Z. v. M. E. T., Jr.*, 575 S.W.2d 243, 244[1] (Mo.App. 1978).

Appellant cites us to no cases supporting the proposition that his child support obligation was thereby terminated. All the cases cited by the appellant deal with various situations where a mother or a third party attempts to collect from a father sums expended *in the past* for the children's support. *Assman v. Assman*, 192 Mo.App. 678, 179 S.W. 957 (1915); *Broemmer v. Broemmer*, 219 S.W.2d 300 (Mo.App.1949); *Hunter v. Schwertfeger*, 407 S.W.2d 606 (Mo.App.1966); *Rodgers v. Rodgers*, supra; *Dolvin v. Schimmel*, 284 S.W. 811 (Mo.App. 1926).

The judgment is affirmed.

All concur.