STATE of Missouri, ex rel. DIVISION OF FAMILY SERVICES, Respondent,

v.

Billy Ray STANDRIDGE, Appellant.

No. 65734.

Supreme Court of Missouri, En Banc.

Sept. 11, 1984.

514

Fredrick J. Pfouts, Jr., Legal Aid of Western Mo., St. Joseph, James L. Muller, Kansas City, for appellant.

Victoria S. Schwartz, Dept. of Social Services, Gen. Counsel Div., Jefferson City, for respondent.

BILLINGS, Judge.

Suit by Division of Family Services to recover monies paid to defendant's wife, Wanda Standridge, in Aid to Family with Dependent Children (AFDC) benefits. Plaintiff's petition states that the rights asserted were acquired by an assignment

from Wanda Standridge.[1] The trial court entered judgment for plaintiff for $2,102.00. The court of appeals reversed and remanded on the grounds that the trial court erred in not requiring plaintiff to show as part of its burden of proof that Wanda's removal of the parties' child from their father's custody to another state was justified or consented to by defendant.[2] We agree and reverse and remand.

Defendant and his wife, Wanda, were residents of Arkansas when Wanda separated from her husband and taking their only child, Billy, Jr., with her, she moved to Missouri.[3] Defendant remained in Arkansas. In January of 1980, Wanda applied for AFDC benefits from the Missouri Division of Family Services in Saline County and assigned to plaintiff the support rights upon which this suit is based. Wanda began receiving monthly AFDC benefits on January 30, 1980.[4] Five months later Wanda gave birth to defendant's second son and her AFDC benefits were increased to include the additional dependent. Wanda received total AFDC benefits of $2,102.00 through October, 1980.

Defendant contends plaintiff failed to make a submissible case because there was no proof that Wanda moved from Arkansas with the parties' minor child and established a separate domicile in Missouri due to any fault or misconduct on his part. Plaintiff agrees that there was no proof on the subject but avers none was necessary. There was also no evidence Wanda and the child could not have continued to receive support from defendant in Arkansas had Wanda remained there, nor was there any evidence of any demand on defendant for any payment or that payment was refused.

We start with the proposition that the father of minor children has the primary common law duty and obligation to support his children. *Lodahl v. Papenberg*, 277 S.W.2d 548, 550–51 (Mo.1955); *Mayes v. Mayes*, 342 Mo. 401, 116 S.W.2d 1, 4 (1938); *State ex rel. Shoemaker v. Hall*, 257 S.W. 1047, 1055 (Mo. banc 1923); *Robinson v. Robinson*, 268 Mo. 703, 186 S.W. 1032, 1033 (1916); *Re Marriage of S.*, 648 S.W.2d 609, 615 (Mo.App.1983). When the father does not supply such necessities, he is liable to a third party who furnishes them unless furnished gratuitously. *McNulty v. Heitman*, 600 S.W.2d 168, 171 (Mo.App.1980); *Smith v. Smith*, 300 S.W.2d 275, 276 (Mo.App.1957). Similarly, where the father neglects to support the child and it is supported by its mother, she may sustain a common law action against the father to recover the value of the necessaries furnished. *Gallion v. McIntosh*, 8 S.W.2d 1076 (Mo.App.1928). However, the general rule is that if a wife leaves her husband without his assent, or without sufficient justification, taking their minor children with her, the father is not liable for necessaries furnished the child or children by the mother, or by a third person. *See*

---

1. Plaintiff's cause of action is based on the common law right of a mother to recover from the father of her minor children the cost of necessaries she furnished to their children.

 Subsequent to all events in this case the legislature codified the subject by the enactment of § 454.465, Laws, 1982. The new statute creates a "state debt" defined as the amount of public assistance paid to or for the benefit of any dependent child, including any payment made for the benefit of the caretaker of the child. Liability for the debt is imposed on the parent or parents absent from the home of the child. The statute eliminates the necessity for proof of many of the elements comprising the common law cause of action. However, the statute does not limit the state's pre-existing rights under the common law.

2. This case was transferred to this Court from the Missouri Court of Appeals, Western District, upon the certification of the dissent of one of the judges of that court who deemed the majority opinion to be in conflict with prior decisions of this Court and the district courts of appeals. *See* Mo. Const. Art. V, § 10.

3. The record does not indicate the precise date Wanda left the family home in Arkansas. However, at the time of her departure she was pregnant with defendant's child who was born June 30, 1980.

4. Wanda also had physical custody of another child from a previous marriage. The AFDC benefits did not include support for this child because Wanda was receiving child support from her former spouse.

32 A.L.R. 1466 (1924); 67A C.J.S. *Parent and Child*, § 66 (1978).

It is of critical importance to distinguish cases where the mother and father are divorced from cases where they are still married. The divorce itself creates the presumptive necessity for two households, in only one of which the child would normally reside. Even in this situation, however, the mother can enforce no common law duty of child support on the father if the mother wrongfully obtained custody.

▮▮▮ Where the parties divorce and the mother is awarded custody, and the record is silent as to the support of their children, the father is liable to the mother for past monies spent by the mother to support the minor children. *Hohler v. Fuchs*, 156 S.W.2d 21 (Mo.App.1941). The same result is reached even if the divorce is the wife's fault. *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 765 (banc 1932); *Gallion v. McIntosh*, 8 S.W.2d 1076 (Mo.App.1928); *Winner v. Shucart*, 202 Mo.App. 176, 215 S.W. 905 (1919). If the divorce decree does not decide custody, the father is still liable to the mother for past monies spent on necessities for the minor children. *Rankin v. Rankin*, 83 Mo.App. 335 (1900).[5]

▮▮▮ Where the parties divorce and the father is awarded custody and the mother later takes the children from him, if the father is not at fault in causing their removal and does not consent to their taking, he is not liable for providing the children's necessities. *Wills v. Baker*, 240 Mo.App. 705, 214 S.W.2d 748, 750 (1948). However, if the father consents to the mother taking the children, he is liable. *Dolvin v. Schimmel*, 284 S.W. 811, 812–13 (Mo.App.1926). In such case, consent by the father will be implied if the mother remains in the same jurisdiction as the father and he does not attempt to regain his rightful custody in the courts. *Id.*

▮▮▮ If the husband and wife are still married, as in this case, and the wife separates from her husband and removes the children from their father's home to another state, unless the husband consented or is proven to be at fault he is not liable for monies she has expended in providing the children's necessaries. *Assman v. Assman*, 192 Mo.App. 678, 179 S.W. 957 (1915). In *Assman*, the court explained:

> [H]ere it does not appear that defendant father was at fault in the matter at all, and, indeed, no decree of divorce has been given to either party. Presumptively, the defendant furnished a good home and all necessaries to the minor son. The parties stand as husband and wife, and while the primary duty of support rests upon the husband, as a corollary thereto, he is entitled to the custody and earnings of the minor children as well at common law .... It is therefore clear enough that, unless the father is at fault in some way, he is entitled to the care and custody of the minor children at his home, and a parent who is willing to support his children at home is not bound to provide for them elsewhere, except where he has wrongfully driven them away or at least assented to the mother's taking or keeping them .... To permit the mother to recover in such circumstances without at least a showing of some special ground—*i.e.*, as if the child were in want or likely to suffer for necessities in the future—would be awarding an advantage to her which accrued because of her own wrongful act.

179 S.W. at 958–59.

In *Broemmer v. Broemmer*, 219 S.W.2d 300 (Mo.App.1949), the court noted, "[b]oth the *Assman* case and the *Wills* case were determined on the theory that where the father had the legal custody, the mother wrongfully and surreptitiously obtained the custody, she could not recover." *Id.* at 304 (dicta).

In the instant case, the record suggests no justification for Wanda's separation from defendant and the consequent imposi-

---

**5.** In *Rankin* the father left the family in Missouri and went to Texas to obtain a divorce. The children remained with their mother in Missouri. The Texas divorce decree did not decide custody.

tion on defendant's limited resources of the cost of two residences, one for himself and one for Wanda and the child. There was no proof that the home defendant had previously furnished for his family in Arkansas lacked the necessaries or that those necessaries would not have continued to be provided had Wanda and the child remained with defendant.

■ The cases cited by the dissent in the Court of Appeals as being in conflict with the majority's opinion are cases in which the wife established a separate residence while pursuing a divorce action and also had lawful custody of the child for whom support was sought. None presented any issue, as here, of the entitlement of the wife to maintain a separate residence, while continuing the marriage. The only case to consider the issue in the same context as the instant case, *Assman*, states that absent a showing by the mother of some justification for her actions, she cannot recover from the father for furnishing necessaries to the child when she has removed the child to another state.[6]

The absence of evidence as to the cause of Wanda's separation from defendant and her taking of their child to Missouri is attributable solely to counsel's failure to question the witnesses who knew the facts. Both defendant and Wanda were present and testified when the case was tried and nothing in the record here suggests they could not be available to testify again.

■ The furtherance of justice requires a case shall not be reversed without remanding unless the appellate court is convinced the facts are such that a recovery cannot be had. *Nelson v. Grice*, 411 S.W. 2d 117, 126 (Mo.1967); *Reed v. Burks*, 393 S.W.2d 377, 380 (Mo.App.1965). "It is a settled practice of appellate procedure that a case should not be reversed for failure of proof without remanding, unless the record indicates that the available es-

sential evidence has been fully presented, and that no recovery can be had in any event. This rule is pertinent where the record indicates that other and additional evidence might be adduced in support of plaintiff's action and enable him to make a submissible case." *Feinstein v. McGuire*, 297 S.W.2d 513, 518 (Mo.1957) (citations omitted).

■ Because the evidence does not establish that plaintiff could not make a submissible case against defendant if the evidence were fully developed, we decline to reverse and direct the entry of a verdict for defendant. *See Skaggs v. City of Cape Girardeau*, 472 S.W.2d 870, 875 (Mo.App. 1971). It is appropriate to remand the case for a new trial in which the possibility for a recovery by the plaintiff will remain if sufficient evidence is produced. *See Jordan v. Robert Half Personnel Agencies, Inc.*, 615 S.W.2d 574, 587 (Mo.App.1981).

■ Defendant also contends that plaintiff cannot recover without proof of defendant's financial ability to pay for the necessaries of the children at the time the AFDC payments were made. Defendant's financial status does not determine his duty to support his family. *See* 60 A.L.R.2d 7, 64 (1958). We conclude that the father's ability to pay is not an element of a cause of action to recover for necessaries supplied his child.

The judgment is reversed and the case is remanded for new trial.

WELLIVER, HIGGINS, GUNN, DONNELLY, JJ., and BARRETT, Senior Judge, concur.

BLACKMAR, J., dissents in separate opinion filed.

RENDLEN, C.J., not sitting.

---

6. *Cf. Audrain County v. Muir*, 297 Mo. 499, 249 S.W. 383 (1923) (third party cannot recover from a husband for necessaries furnished his wife where she is living apart from her husband without fault on his part); *Sauter & Adams v.* *Scrutchfield*, 28 Mo.App. 150, 156 (1887) (dicta) (merchant cannot recover from husband for necessaries furnished to wife for herself and their children where wife is separated from her husband by her fault).

BLACKMAR, Judge, dissenting.

The record adequately demonstrates that Wanda Standridge received AFDC benefits solely because the children of her marriage to the defendant were with her. Under these circumstances we should hold that the defendant had an enforceable obligation to repay those sums into the public treasury. The judgment, therefore, should be affirmed.

I agree with much of the principal opinion. The opinion properly holds that the defendant's present inability to pay, if established, does not preclude a judgment for child support. Defendant's duty to support exists without regard to his means. He should restore support monies properly chargeable to him when he is able to do so. If that time never comes the judgment against him will be worthless, but this is not an unusual state of affairs in the world of judgments. I also agree that this case should be decided as a matter of common law without reference to § 454.465, RSMo 1983 Cum.Supp., adopted in 1982, which was apparently enacted to enlarge the state's right of recoupment.

My disagreement with the principal opinion arises from its characterization of the payments to Wanda. Wanda was entitled to nothing in her own right. The payments were made to her solely because she had the custody of the defendant's child at the time she left him, and gave birth to another child of his while she was living apart from him. § 208.040, RSMo 1978.

AFDC benefits are calculated on the basis of the minimum income required to support children. This minimum income figure is not a product of speculation or conjecture, but is instead based on a uniform state formula. The "poverty income guidelines" published by the Office of Community Services set forth income figures, below which a family is considered impoverished. The latest figures specify $5,690 for a family of two and $7,070 for a family of three. The amounts here involved, being less than half of the federal figures, may surely be found to be required for the support of the children, with only marginal support for the homemaker, without which she would be unable to maintain the children in her home. The amounts are so modest that it is difficult to imagine that Wanda used any substantial portion for purposes of her own not related to the support of the children.

The principal opinion recognizes the duty of a father to support his child even though the child is not in his physical custody. This father allowed the state of Missouri to perform his duty. He was not powerless when his wife left him and moved to Missouri. He could have sought custody of the children for himself, or could have placed the mother in funds so that she would not have to seek public assistance. He received inquiries from the Missouri public assistance authorities regarding his means for providing support, but made no response. When he made no attempt at further solution, he demonstrated his satisfaction with the existing state of affairs.

The cases cited in the principal opinion, as well as those cited in Judge Manford's dissenting opinion in the Court of Appeals, did not involve AFDC benefits. If a mother who has abstracted the children is claiming support money for herself, it is reasonable to require her to show that she was justified in leaving her husband. A storekeeper who extends credit to a deserting wife is not without means of protection. The equities of the government are greater. I would hold that the defendant father is required to reimburse the public treasury, even though he might be found to be without fault so that his wife's action in leaving him was quite unjustified. This point has not been covered by any existing case.

This defendant, it is true, was living in Arkansas when his wife left him and traveled to Missouri. This circumstance is not significant. Arkansas law, just as Missouri law, recognizes the common law duty of a father to support his children. *Aaron v. Aaron,* 228 Ark. 27, 305 S.W.2d 550 (1957). If there are any holdings in Arkansas law which are more favorable to the defendant, he should point to these. Otherwise it is proper to assume that the common law of

Arkansas is the same as Missouri's, and that Arkansas would make the same adaptations that Missouri would. 1 Conflict of Laws Restatement, § 136, Comment h.

The principal opinion would effectively require the state to try and to establish an old-fashioned divorce case in order to recover from a father who has suffered his children to be supported out of the public treasury. Such a requirement is neither necessary nor desirable. The common law should recognize the right of a state to recoup monies which are payable by law only to a person who has custody of dependent children, from the person required by law to support those children.

I would affirm the judgment.