David N. Morgan, St. Louis, for petitioner-appellant.

Harold B. Bamburg, Clayton, for respondent.

### ORDER

Elbert Dorsey, St. Louis, for appellant.

William H. Greer, William Francis Klages, St. Louis, for respondents.

CLEMENS, Senior Judge.

Action by child and her mother to recover child support from putative father. The trial court ordered father to pay $16,605 for past-due support and he has appealed.

Mother testified to father's voluntary partial support payments from the child's birth in 1978 to trial time in 1983. This was based on mother's testimony and supported by her adult daughter to whom defendant had made some payments for the child's use.

In addition the father testified as mother's witness: He had regularly paid her $60 a month for the daughter. In addition he

**Nicole A. GILLESPIE, by her Next Friend, Patsy Ann AKUSHE and Patsy Anne Akushe, Individually, Respondents,**

v.

**Rico BRACY, Appellant.**

No. 49288.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 13, 1985.

had regularly paid for the daughter's clothing and medical expenses. He was regularly employed and earned $1,781 a month in take-home pay. He had remarried; his wife was employed at $900 a month and they have a child of their own.

The trial court gave father credit for $815 he had paid for sundry child expenses and ordered father to pay mother a total of $16,605. This was for $40 a week for the years of 1978 and 1979; $50 a week for the three years of 1980, 1981 and 1982; and $60 a week beginning January 1, 1983. The court ordered father to begin paying this $60 for current support plus $40 a week on the arrearages, all to be made to the circuit clerk and supported by a wage assignment from the father's employer. The court also ordered father to furnish the child medical coverage from his employer; also to pay mother's counsel $750. The court granted father reasonable visitation with and temporary custody of the child.

By the father's brief here—without saying how or why the trial court erred—he challenges the six years allowances. His brief cites only *Mayes v. Mayes*, 342 Mo. 401, 116 S.W.2d 1 (1938). That case concerned a 15 year old judgment against a father that did not specify the amount of child support. The cited case of *State ex rel. Div. of Family Services v. Standridge*, 676 S.W.2d 513[1–4] (Mo. banc 1984) is irrelevant here. It held:

> "Where the father neglects to support the child and it is supported by its mother, she may sustain a common law action against the father to recover the value of the necessaries furnished."

We deny father's initial non-specific point, and move to his second point.

Thereby the father contends the trial court failed to give proper credit to his obligation to support the child of his present marriage. Without supporting evidence he argues his second child is also entitled to the same $60 a week allowance granted for the first child. Even so, the father would have to spend only $120 a week or $520 a month for child support. Considering his $1,781 monthly earnings he is clearly able to pay a monthly $520 total for child support. We hold the trial court did not err in granting the mother's motion.

Affirmed.

KAROHL, P.J., and KELLY, J., concur.