**Marlynn G. COLE, Respondent,**

v.

**DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant.**

**No. 19650.**

Missouri Court of Appeals, Southern District, Division One.

April 3, 1995.

Karen L. Massey, Dept. of Social Services, Div. of Legal Services, Jefferson City, for appellant.

Don W. Crank, Springfield, for respondent.

MONTGOMERY, Judge.

The Missouri Division of Child Support Enforcement (DCSE) appeals the trial court's order reversing an administrative decision by the DCSE concerning the child support obligation of Marlynn Cole (Father). We reverse the trial court's order.[1]

The marriage of Father and Dalene Cole (Mother) was dissolved on May 16, 1988. The dissolution decree provided that the primary physical custody of the parties' three minor children was awarded to Father. One of those children was Zachary, born November 9, 1977. His support is the focus of this appeal.

Importantly, the dissolution decree provided that Mother had no child support obligation for the children except that she was obligated to support them while in her actual physical custody during periods of visitation. The decree made no further orders relating to child support.

After Father remarried and returned from his honeymoon in August 1992, Zachary refused to live with him and went to live with other relatives. In November 1992 Zachary began living with his first cousin, Dala Childress, and was living there at the time of the administrative hearing. Father testified that he talked to Zachary about returning to live with him but admitted that he took no other action to cause Zachary's return.

In February of 1993 Childress began receiving Aid for Families with Dependent Children (AFDC) payments from the State for Zachary. In order to receive the payment, Childress assigned to the State any right she had for the support of Zachary.

Acting under this assignment, the DCSE issued a notice to Father alleging that he owed (1) a State debt of $39, (2) $451 monthly for the support of Zachary, and (3) medical coverage for said child. Father requested an administrative hearing to determine whether he was required to comply with the notice.

At the administrative hearing in April 1993, the evidence was undisputed that Father's adjusted gross income was $3,136 per month. The hearing officer determined that even though Father was awarded legal physical custody of Zachary, he did not have actual physical custody. Therefore, the hearing officer determined that because the State was paying benefits to the physical custodian of Zachary, the State had the right to establish a support order against Father on the terms specified in the notice.

Father appealed the administrative order to the Greene County Circuit Court where the order was reversed. This appeal followed.

Here, the DCSE contends that the agency decision was supported by competent and substantial evidence and was legally authorized in that (1) Father has a duty to support Zachary and the State is authorized to establish a support order, (2) Father implicitly relinquished custody of Zachary to Dala Childress, and (3) the State is authorized to provide AFDC for Zachary's benefit because Father deprived the child of support and care by reason of continued absence from the home.

1. The motion of DCSE to strike Father's brief was taken with the case. Because our review of the case is not hampered by the alleged deficiencies of the brief, the motion is denied.

The appropriate standard of review regarding this case is set forth in *State ex rel. Clatt v. Erickson,* 859 S.W.2d 239 (Mo.App. 1993).

On appeal from a circuit court judgment in an action for judicial review of an administrative agency determination, the appellate court reviews the decision of the agency, not the judgment of the circuit court. *State ex rel. Bramlet v. Owsley,* 834 S.W.2d 868, 870 (Mo.App.1992). Judicial review of DCSE's decision is governed by § 454.475.5 and §§ 536.100 to 536.140. A reviewing court should determine whether the action of the agency was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious, or unreasonable; or whether the administrative action constituted an abuse of discretion. *Bramlet,* 834 S.W.2d at 870; § 536.140.2. However, when the agency action being reviewed does not involve agency discretion, but only involves the application of law to the facts, the court may weigh the evidence and determine the facts accordingly. *Bramlet,* 834 S.W.2d at 870; § 536.140.3. *Id.* at 241.

Applying the above principles to this case, we determine that the DCSE's decision must be affirmed for reasons which follow.

■ First, Father has a duty to support Zachary. The father of a minor child has a common law duty and obligation to support his child. *State ex rel. Div. of Family Serv. v. Standridge,* 676 S.W.2d 513, 515 (Mo. banc 1984).

Second, the State is authorized to establish a support order. Section 454.425 [2] states in pertinent part:

The division of child support enforcement shall render support enforcement services to persons who are not recipients of public assistance as well as to such recipients.

Third, Childress, Zachary's first cousin and physical custodian, is a recipient of public assistance benefits. As a recipient of AFDC for the benefit of Zachary, Childress was required to assign any right to support for Zachary from any other person to the Division of Family Services. § 208.040.2(2). Childress's assignment authorized the DCSE to bring any administrative or judicial action necessary to establish a support order. *Id.*

Fourth, the director of the DCSE properly issued a Notice and Finding of Financial Responsibility to Father, who was under no court order requiring financial support to Zachary. Section 454.470.1 states:

If a court order has not been previously entered, the director may issue a notice and finding of financial responsibility to a parent who owes a state debt or who is responsible for the support of a child on whose behalf the custodian of that child is receiving support enforcement services from the division under section 454.425.

Therefore, the DCSE correctly asserts that Father has a duty to support Zachary, and the State is authorized to establish a support order. Substantial and competent evidence in the record supports these assertions.

■ A more difficult issue confronts us on the DCSE's remaining contentions. DCSE asserts that the State is authorized to provide AFDC for Zachary's benefit because Father deprived Zachary of support and care by reason of continued absence from the home. The eligibility requirements for AFDC benefits are set forth in § 208.040:

1. Aid to families with dependent children shall be granted on behalf of a dependent child or children and may be granted to the parents or other needy eligible relative caring for a dependent child or children who:

   . . . .

   (2) Has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, *first cousin,* nephew or niece, in a place of residence maintained by one

**2.** All statutory references are to RSMo 1986, unless otherwise stated.

or more of such relatives as his or their own home, and financial aid for such child is necessary to save him from neglect and to secure for him proper care in such home. (Emphasis added.)

The Code of State Regulations defines "home" for AFDC purposes as "a family setting ... as evidenced by the assumption or continuance of responsibility for the child." 13 CSR 40–2.060(2). The home referred to in § 208.040.1(2) is the home where the child is living. Here, Childress is providing a home for Zachary because she has assumed responsibility for Zachary's care. The AFDC eligibility requirements of this statute have been met (1) because Zachary has been deprived of parental support due to Father's continuous absence from Zachary's home, and (2) because Childress, as Zachary's first cousin, is an eligible relative to receive benefits.

However, Father argues that he is not required to pay child support because he did not relinquish his child's custody to anyone. Reviewing the record, we find no facts which indicate that Zachary was emancipated while he was living with Childress. Father does not attempt to argue otherwise. Therefore, we must determine whether Father is required to support his fifteen-year-old unemancipated child while the child lives with a relative even though Father has the child's legal custody.

The DCSE correctly contends that Father implicitly relinquished custody of his child to Childress, and therefore Father owes a duty of support. While Father apparently asked Zachary to live with him, he took no other steps to regain custody of Zachary. At the time of the hearing, Zachary had been in the custody of Childress for at least four months. In the comment portion of Father's Financial and Informational Statement (introduced into evidence at the administrative hearing) Father stated that he believed Zachary should be placed in a children's home. This statement is consistent with other facts which show Father's desire to be relieved of his duty to support Zachary.

A New York case, *Matter of Bylow,* 92 Misc.2d 509, 400 N.Y.S.2d 451 (Fam.Ct.1977), is factually analogous. In *Bylow,* the father contended that he should not be obligated to pay support for his teenage child who was placed in foster care without his consent because she refused to abide by reasonable rules and restrictions of the family and chose to live elsewhere. He contended that the child would be immediately welcomed back in his home where he would support her, providing she conformed to family rules of behavior. The State proceeded against the father to obtain contribution for the cost of maintaining the child in foster care. Even though the court found that the daughter left home in order to avoid parental discipline, the court held that the parent's obligation to support a child flaunting parental authority continues up to an age where the child may be expected to function independently. *Id.* 400 N.Y.S.2d at 453.

In *Standridge,* a case relied upon by DCSE, the parties separated and the mother moved the parties' only child from the family home. After the mother obtained AFDC benefits, the Division of Family Services brought an action to recover monies paid to defendant's wife. In discussing defendant's liability for his child's necessities, the supreme court said that "if the father consents to the mother taking the children, he is liable. In such case, consent by the father will be implied if the mother remains in the same jurisdiction as the father and he does not attempt to regain his rightful custody in the courts." 676 S.W.2d at 516 (citation omitted).

Applying this language from *Standridge* to the facts here, the DCSE properly concluded that Father consented to Zachary's living with Childress and that Father owes support for him. Childress lives within the same jurisdiction as Father, and he has taken no steps, legal or otherwise, to regain custody of his child. Under these circumstances Father has impliedly consented to Zachary's custody arrangement.

Relying on *Standridge* and *Bylow,* we hold that the DCSE's decision (1) is supported by competent and substantial evidence, (2) is not arbitrary, capricious or unreasonable, and (3)

is not an abuse of discretion. The trial court's order is reversed.

SHRUM, C.J., and FLANIGAN, J., concur.